458 P.2d 969

In the Matter of the 1962 VOLKS-WAGEN SEDAN, Motor No. 4230506, Arizona License No. JGR–254.

The STATE of Arizona, Appellant,

v.

William C. COOK, Appellee.

No. 2 CA–CIV 652.

Court of Appeals of Arizona.
Division 2.
Sept. 18, 1969.

Rehearing Denied Oct. 10, 1969.
Review Granted Nov. 25, 1969.

Gary K. Nelson, Atty. Gen., Phoenix, William J. Schafer III, Pima County Atty., Jacqueline Schneider, Deputy County Atty., Tucson, for appellant.

Martin S. Rogers, Emojean K. Girard, Legal Aid, Tucson, for appellee.

HATHAWAY, Judge.

The State of Arizona appeals from the judgment dismissing its action to forfeit the vehicle of William C. Cook, which vehicle was allegedly used in violation of this State's narcotic laws.

On April 24, 1968, a State narcotic agent purchased marijuana from Mike Valentino and Mike Cook, the latter being the son of William C. Cook and in possession of the vehicle. No arrest was made at the time of the sale. On July 11, 1968, Mike Valentino was arrested and later on the same day, Mike Cook was arrested and the vehicle was seized. It was established in the forfeiture action that marijuana was unlawfully kept or unlawfully possessed by an occupant of the vehicle on April 24, 1968. The State offered no evidence that the vehicle had been used to unlawfully transport a narcotic drug.

The appellee contends, and the lower court agreed, that the vehicle is not subject to forfeiture unless the arrest and seizure were made at the time of the sale when no evidence was submitted showing the vehicle was used to transport the drug.

The State takes the position that it did not lose its right to seize the vehicle by failing to seize it at the time of its unlawful use.

The statutes pertinent to the resolution of this matter are A.R.S. § 36–1041 and A.R.S. § 36–1042, which state:

"§ 36–1041. Forfeiture of vehicle

The interest of the legal owner or owners of record of any vehicle used to transport unlawfully a narcotic drug, or in which a narcotic drug *is* unlawfully kept, deposited or concealed, or in which a narcotic *is* unlawfully possessed by an occupant, shall be forfeited to the state." (Emphasis added)

"§ 36–1042. Seizure and delivery of vehicle

Any peace officer making or attempting to make an arrest for a violation of article 1 of this chapter shall seize the vehicle used to transport unlawfully a narcotic drug, or in which a narcotic drug *is* unlawfully kept, deposited or concealed, or unlawfully possessed by an occupant, and shall immediately deliver the vehicle to the sheriff of the county in which the seizure is made, to be held as evidence until forfeiture is declared or release ordered." (Emphasis added)

The trial court held that the present tense of A.R.S. § 36–1041 requires that the seizure be accomplished contemporaneously with the unlawful use of the vehicle, where the State did not offer any evidence showing the vehicle was used to transport the drug. Justification for this result is sought through the present tense reference in the statute, namely:

" * * * in which a narcotic drug *is* unlawfully kept, deposited or concealed, or which a narcotic drug *is* unlawfully possessed by an occupant [the vehicle] shall be forfeited * * *." (Emphasis added)

This view would require the unlawful *status quo* be preserved by the State through seizure, the pending forfeiture proceedings and until forfeiture is declared or

released ordered. We do not believe that the legislative intent as expressed in the statute contemplates such an unwieldy and absurd procedure. We cannot accept the appellee's contention that the seizure made at the time of the arrest is void.

The obvious legislative purpose is to create a secondary defense against unlawfull drug traffic. In re One 1965 Ford Mustang, 10 Ariz.App. 45, 455 P.2d 995 (1969). We will not frustrate that legislative intent and destroy the statute by injecting a meaningless restriction. The vehicle became subject to seizure at the moment it was used in violation of the statutes. People v. One 1951 Chevrolet, 157 Cal.App.2d 301, 320 P.2d 881 (1958) (construing a similar statute). Removal of the narcotic no more exempts the vehicle from seizure than it does the individuals from arrest. Appellee's view would preclude seizure by simply tossing the narcotic from the vehicle before seizure is accomplished.

The State points out that laboratory analysis is often necessary to verify narcotic identification. It is surely in the owner's best interest that his vehicle not be seized until identification of the suspected narcotic is established. We believe the statute is broad enough to accommodate that procedure and we find nothing precluding it. Seizures contemporaneous with the unlawful use may also be disadvantageous in that the identity of an undercover agent is then disclosed to the advantage of other traffickers in illegal drugs and to the prejudice of effective law enforcement.

The evidence established and the court found that " * * * a narcotic drug [marijuana] was unlawfully kept or unlawfully possessed by an occupant of the vehicle on April 24, 1968." The court noted that there was no evidence that the vehicle had been used to transport unlawfully the narcotic drugs since it was not moving at the parking lot when the agent approached and was not observed by him to move until after the sale and the removal of the narcotic by him. Lack of evidence of

transporting does not affect the forfeiture in view of the evidence supporting the finding of the trial court that the statute was otherwise violated as we have previously indicated.

The order of release is vacated and it is ordered that the 1962 Volkswagen sedan motor No. 4230506, Arizona license No. JGR–254 be forfeited to the State of Arizona pursuant to A.R.S. § 36–1041 and A.R.S. § 36–1042.

KRUCKER, C. J., and HOWARD, J., concur.