464 P.2d 338

In the Matter of ONE 1962 VOLKSWAGEN SEDAN, MOTOR NO. 4230506, Arizona License No. JGR 254.

The STATE of Arizona, Appellant,

v.

William C. COOK, Appellee.

No. 9835–PR.

Supreme Court of Arizona.

In Banc.

Jan. 20, 1970.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., Rose Silver, Pima County Atty., William J. Schafer, III, former Pima County Atty., Jacqueline Schneider, Deputy Pima County Atty., for appellant.

Martin S. Rogers, Tucson, for appellee.

McFARLAND, Justice:

This is before us on a petition for review of a decision of the Court of Appeals, 10 Ariz.App. 349, 458 P.2d 969, reversing the judgment of the trial court. The decision of the Court of Appeals is vacated.

On April 24, 1968, Mike Cook, son of William C. Cook, hereinafter known as owner, was in possession of the 1962 Volkswagen which is the subject of this proceeding. Mike Cook and Mike Valentino were in the car at the Monterey shopping center on April 24th, and they sold a bag of marijuana to an agent of the Narcotics Enforcement Division of the Department of Law of the State of Arizona. No arrest was made at that time, but, on July 11, 1968, both Valentino and Cook were arrested and the car was seized and proceedings instituted to forfeit it to the State under the provisions of § 36–1041 et seq., A. R.S.

The evidence shows that marijuana was unlawfully kept in or possessed by an occupant of the car on April 24, 1968. There is no showing that marijuana was transported in the car, but, under § 36–1041, A.R.S., transportation is not necessary. The mere unlawful presence of a narcotic drug in the car is enough to forfeit the owner's interest to the State. Section 36–1041, A.R.S., reads as follows:

"§ 36–1041. Forfeiture of vehicle

"The interest of the legal owner or owners of record of any vehicle used to transport unlawfully a narcotic drug, or in which a narcotic drug is unlawfully kept, deposited or concealed, or in which a narcotic is unlawfully possessed by an occupant, shall be forfeited to the state."

The grounds upon which this seizure was challenged in the trial court and reversed in the Court of Appeals were that § 36–1041, A.R.S., and § 36–1042, A.R.S., both use the word "is" in the present tense, and thus, it was argued in the trial court, the seizure must be made at the time the illegal drugs are in the vehicle in question. The State argued that this was an unrealistic contention, pointing out that time is required to make a laboratory analysis to identify a drug as an illegal narcotic, and that an arrest at the time of seizure would reveal the identity of the undercover agent to persons suspected of violation of the narcotics laws. The trial court ruled that, since § 36–1041, A.R.S., does not include the phrase "has been", as does the similar

federal forfeiture statute, 49 U.S.C.A. § 781 et seq., the car must be seized at the time the illegal activity is observed.

The legislature undoubtedly understood the practical problem involved with analysis of material seized as suspected of being a narcotic, including the time required to make a determination. Therefore, the construction urged by the State sets forth a reasonable interpretation of the legislative intent. We reject the contention that seizure of the vehicle must be made at the time the authorities first found the narcotic drug in the car.

 However, there is an element in this case, which, although not argued below, is controlling. In State v. Lewis [In re One 1965 Ford Mustang], 105 Ariz. 293, 463 P.2d 827 [No. 9802–PR], which is a companion case to this, we held:

> " * * * that an automobile may not be forfeited under § 36–1041, A.R.S., et seq., unless the owner had some connection with the unlawful act, or intended to permit the automobile to be used by a third person in the commission of the unlawful act, or had knowledge it was to be so used."

In the instant case, Mrs. Virginia Apodaca, sister of the owner of the automobile, stated under oath that she had, at the time the car was seized, and at the time the car was illegally used, the possession of the title to the car and a power of attorney from her brother. She further stated: " * * * I was to let him [Mike] use it only for school purposes * * *." [R.T., p. 31] Mrs. Apodaca was also asked: "Have you ever heard of it [the Volkswagen] being used for marijuana purposes?" She answered, "Of course not, that was a shock to us to find such." [R.T., p. 34]

Neither the owner nor Mrs. Apodaca had any intent to permit Mike to use the automobile in violation of the narcotics statute. The evidence is clear that there was no knowledge, or scienter, that the vehicle would be employed in an illegal activity. In line with State v. Lewis, supra,

there can be no forfeiture without proof of these elements.

We accordingly hold that the trial court properly denied forfeiture. The decision of the Court of Appeals is vacated, and that part of the judgment of the Superior Court denying forfeiture is affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL, J., concur.

HAYS, Justice (dissenting).

I dissent for the same reasons set forth in State v. Lewis, 105 Ariz. 293, 463 P.2d 827, Supreme Ct. No. 9802–PR, filed January 15, 1970.