523 P.2d 502

David H. CAMPBELL, Superintendent, Motor Vehicle Division, Highway Department of the State of Arizona, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and the Honorable Howard V. Peterson, a Judge thereof; and Real Party In Interest, Carlos M. MENDOZA, Respondents.

No. 11512.

Supreme Court of Arizona, In Banc.

June 13, 1974.

Rehearing Denied July 16, 1974.

Gary K. Nelson, Atty. Gen. by Paul S. Harter, Asst. Atty. Gen., Phoenix, for petitioner.

Treon, Warnicke & Dann by B. Michael Dann, Phoenix, for respondent Mendoza.

HOLOHAN, Justice.

Petitioner, the Superintendent of the Motor Vehicle Division of the Highway Department, brought this special action against the Superior Court and one Carlos M. Mendoza, the real party in interest, to set aside the order of the Superior Court reinstating the driver's license of the respondent Mendoza. The facts of this case are not in dispute. The respondent Mendoza has been, within a twenty-four-month period, twice convicted of driving while under the influence of intoxicating liquor. Both convictions occurred in the Magistrate Court of the Town of Buckeye. After the second conviction the Magistrate imposed sentence on the respondent, but, contrary to the requirements of A.R.S. § 28–692.01(B), he did not require the respondent Mendoza to surrender his driver's license. In due course the Magistrate forwarded the record of conviction to the Motor Vehicle Division, and, upon receipt of the record of conviction, the petitioner Superintendent revoked the driver's license of the respondent Mendoza pursuant to A.R.S. § 28–445(7) and notified respondent of the revocation. The Superintendent's written order of revocation was dated October 30, 1973 and notified Mendoza that his driver's license was being revoked due to the fact that he had twice been convicted of driving while under the influence of intoxicating liquor within a twenty-four-month period. The respondent filed an action in the Superior Court to set aside the order of the Superintendent, urging among other grounds that the respondent Mendoza was entitled to a hearing before the Department, through the Superintendent, could revoke his license to drive.

At a hearing before the Superior Court the facts above recited were stipulated and in addition it was shown that the driver's license revoked was in fact a chauffeur's license without which the respondent Mendoza would be unable to follow his usual employment as a truck driver.

The Superior Court ruled that the revocation of the license without notice and opportunity to be heard under the facts and circumstances presented in the case was violative of due process of law. The Superior Court ordered the Highway Department to return the driver's license to the respondent Mendoza. This special action followed.

At the outset the respondent urges that the case of Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) is controlling and determinative of the issues in this case. The cited case dealt with a state motor vehicle safety responsibility act which provided that the driver's license of an uninsured motorist in an accident would be suspended unless he posted security to cover the amount of damages claimed by the aggrieved parties in the report of the accident. The state act excluded consideration of the motorist's fault or liability for the accident. The United States Supreme Court held that the act was in violation of the Fourteenth Amendment in that it denied an individual a due process hearing on an essential element of consideration, namely, fault. The Court held that due process required that the state show that there was reasonable possibility of a judgment being rendered against the licensee.

There is no doubt that the chauffeur's license of the respondent represents an important interest to him because it is essential to the pursuit of his livelihood. Except in emergency situations due process requires that a state in seeking to terminate an important interest must afford minimum procedural safeguards including notice and opportunity for hearing appropriate to the nature of the case.

The respondent argues that the Highway Department should have held a hearing before taking action to terminate his license—a matter essential to his livelihood. Counsel for the petitioner argues that a hearing was not necessary because the revocation of a license of one twice convicted of driving while intoxicated in-

volves an emergency situation, and the state, even under *Bell v. Burson,* is entitled to terminate the interest of the respondent to secure an important governmental or public interest—to protect the public in their use of the highways by keeping drunken drivers off the roads. The contentions of both parties fail to appreciate the fact that the respondent was given the safeguards of due process—he had his hearing in the courts.

In Campbell v. Superior Court, County of Maricopa, 105 Ariz. 252, 462 P.2d 801 (1969) this Court pointed out that the provisions of A.R.S. § 28–692.01 (B), dealing with license revocation, and A.R.S. § 28–445 must be read together. This Court further pointed out that convictions for driving while under the influence were to be forwarded to the Highway Department after a final conviction (after the period of appeal had passed). The action to be taken by the Highway Department under A.R.S. § 28–445 takes place after a driver has been convicted and flows as a consequence of that conviction. The provisions of that statute require:

"The department shall, in addition to the grounds for mandatory revocation provided for in the uniform act regulating traffic on highways, forthwith revoke the license of an operator or chauffeur upon receiving a record of the operator's or chauffeur's conviction of any of the following offenses, when the conviction has become final:

\* \* \* \* \* \*

"7. Conviction, or forfeiture of bail not vacated, upon a second or subsequent charge of driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor, committed within a period of twenty-four months."

There is no discretion given the Highway Department in instances involving second convictions within a period of 24 months for driving while under the influence of intoxicating liquor. The event or matter which causes the action by the Depart-

ment is of course the second conviction. The revocation of the license is an additional penalty provided by law arising out of and is a part of the second conviction. A.R.S. § 28–692.01(B) provides:

" . . . When a person is convicted of a second or subsequent violation of § 28–692 within a period of twenty-four months, such person shall be punished by imprisonment for not less than sixty days nor more than six months, and, in the discretion of the court, by a fine of three hundred dollars. In addition, the judge shall require the surrender to him of any operator's or chauffeur's license of such convicted person and shall immediately forward to the department the license with the abstract of conviction. The department upon receipt thereof shall revoke the driving privilege of such person. . . ."

There is no necessity for a hearing by the Highway Department because the hearing takes place in the courts with all the requirements of due process in criminal cases. No revocation can occur under A.R.S. § 28–445(7) until there is a final conviction of a second offense of driving while intoxicated, and upon such a second conviction the action of the Highway Department is merely an implementation of the penalty imposed as part of the conviction for the offense.

The fact that the Magistrate did not require the surrender of the driver's license does not alter the obligation of the Department to revoke the license of the respondent Mendoza. A.R.S. § 28–445 directs that upon receipt of the record of final conviction of a second offense of driving while under the influence of intoxicating liquors within a two-year period the operator's or chauffeur's license be revoked. The surrender of the license required by A.R.S. § 28–692.01(B) was meant to effect the prompt removal of such drivers from the highways of this state. The failure to secure the license does not alter the fact of conviction nor the additional penalty imposed for a sec-

ond conviction of driving while under the influence.

A question is suggested that a licensee should have a hearing at least on the question of identity, that it, that the driver whose license is revoked is the same one that was convicted by the court. The respondent does not suggest that any mistake in identity has been made in this case and in fact acknowledges that he has twice been convicted of driving while under the influence, and he does not contest that it was in fact he who was convicted in the Magistrate Court in the Town of Buckeye. Further in the usual case there is no problem of identity in that the actual driver's license of the convicted person is surrendered to the Magistrate and that specific license, together with the record of conviction, is forwarded to the Highway Department so that there is no necessity for hearing on the issue of identity.

The order and judgment of the Superior Court is vacated and set aside and the order of revocation by the Arizona Highway Department is reinstated.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, and LOCKWOOD, JJ.