538 P.2d 766

**In the Matter of A 1972 DODGE VAN, CALIFORNIA LICENSE #247–FNB VIN #B11AE2U587244, a Motor Vehicle.**

**STATE of Arizona, Appellant,**

v.

**Paul Kevin SWANSON, Appellee.**

**No. 1 CA–CIV 2630.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 7, 1975.

Rehearing Denied Sept. 18, 1975.

Review Denied Oct. 28, 1975.

**338**

W. Michael Smith, Yuma County Atty. by Allen J. Clark, Deputy County Atty., Yuma, for appellant.

Jim D. Smith, Yuma, for appellee.

OPINION

JACOBSON, Presiding Judge.

The sole issue involved in this civil appeal from a denial of forfeiture of an automobile, is whether a prior plea agreement in a criminal case precludes the forfeiture.

While there is some dispute as to the facts surrounding the possession and knowledge of the appellee, Paul Kevin Swanson, as to the marijuana found in his vehicle, there is no dispute as to those facts which the court deems material in disposing of this appeal.

On May 27, 1973, appellee was arrested for possession of marijuana found in his 1972 Dodge van. At that time he was charged with possession of marijuana, driving while under the influence, and failure to yield to an emergency vehicle. At the time of his appearance before the Justice of the Peace in Parker, Arizona, the appellee's court-appointed counsel and the deputy county attorney entered into an oral plea bargain. The terms of the bargain were that appellee would enter a plea of guilty to misdemeanor possession of marijuana; that the sentence to be imposed would be a fine only; and that the remaining traffic charges against appellee would be dismissed. The bargain was consummated by the appellee pleading guilty to possession of marijuana, a misdemeanor, and the remaining charges were dismissed. The Justice of the Peace imposed a fine of $220 which was paid by the appellee and he was discharged from custody. It was agreed by both counsel who negotiated the plea bargain that at the time the bargain was struck nothing was agreed upon or discussed concerning the possibility of forfeiture of the appellee's van.

Subsequently, the State of Arizona, through the Yuma County Attorney, brought this civil action to forfeit the 1972 Dodge van under authority of Article 2,

Chapter 9, Title 36, Arizona Revised Statutes.[1]

The matter was tried to the court which held "the court is . . . satisfied that the circumstances surrounding the plea bargain were such that the state cannot now forfeit the car." The state has appealed the judgment denying forfeiture.

■ To place this matter in proper perspective, it is first necessary to ascertain exactly what is being accomplished by the civil forfeiture action. The obvious intent of the legislature in enacting the forfeiture legislation was to deter the trafficking in narcotics by penalizing the owner of the vehicle transporting the narcotic through forfeiture of ownership. The constitutionality of the statute is upheld on this basis. As was stated in *In re One 1965 Ford Mustang*, 105 Ariz. 293, 463 P.2d 827 (1970):

> "Under the present state of constitutional development, there can be no question but that forfeiture of an automobile is *punishment for a criminal offense.* It is the only way the car could be forfeited; otherwise, it would be taking property without due process of law. In the instant case, under the statute, the forfeiture was likewise *a penalty* because the automobile was used in a criminal offense." (emphasis added) 105 Ariz. at 299, 463 P.2d at 833.

That a civil forfeiture of this nature is in fact a criminal penalty has been recognized by the United States Supreme Court:

> " . . . [It is] aptly pointed out in *Boyd* [*Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886)] a forfeiture proceeding is quasi-criminal in character. Its object, like a criminal proceeding is to penalize for the commission of an offense against the law.
>
> \* \* \* \* \* \*
>
> "That the forfeiture is clearly a penalty for the criminal offense and can result in even greater punishment than the

criminal prosecution has in fact been recognized . . . ." *One Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965).

Thus it is clear that the forfeiture of the appellee's automobile is punishment for the criminal offense to which he pled guilty, and in fact is greater punishment, if forfeiture is allowed, than was exacted for the original offense. (Compare $220 fine with the value of a 1972 Dodge van). The question then becomes, can the State exact this additional punishment in view of the prior plea bargain? We do not believe it can.

■ It is clear that one element of the plea bargain was that appellee would plead guilty to a crime which would be treated as a misdemeanor and that a "fine only" would be paid as punishment. The appellee kept his part of the bargain. The State can do no more than keep its. As was stated in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971):

> "This phase of the process of criminal justice [plea bargaining], and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, *such promise must be fulfilled.*" (emphasis added) 404 U.S. at 262, 92 S.Ct. at 499.

We have no doubt that at the time that the bargain between the prosecutor and defense counsel was struck, neither contemplated nor considered the possibility that forfeiture of the appellee's vehicle might ensue. We consider this fact, if it be a fact, to be immaterial. What is material is that one of the considerations given by the state and accepted by the appellee for his

---

1. A.R.S. § 36–1041 provides: "The interest of the legal owner or owners of record of any vehicle used to transport unlawfully a narcotics drug, or in which a narcotic drug is

unlawfully kept, deposited or concealed, or in which a narcotic is unlawfully possessed by an occupant, shall be forfeited to the state."

guilty plea was a punishment certain. The State may not now be heard to say that it can increase that punishment certain merely because the agreement did not specifically negate the punishment inherent in the proposed forfeiture.

The judgment of the trial court is affirmed.

HAIRE, C. J., Division 1, concurs.

EUBANK, Judge (dissenting).

The majority opinion holds, in effect, that by virtue of the failure of the County Attorney to include a provision for the forfeiture of appellee's 1972 Dodge Van in the "plea bargain" agreement, the public policy of our legislature, as clearly expressed in A.R.S. § 36–1041 et seq., is rendered ineffectual and inapplicable, in a fact situation which would otherwise result in a forfeiture of appellee's vehicle to the State. I disagree.

In two cases, *In re One 1965 Ford Mustang*, 105 Ariz. 293, 463 P.2d 827, 50 A.L.R.3d 160 (1970) and *In re One 1962 Volkswagen Sedan*, 105 Ariz. 315, 464 P.2d 338 (1970), our Supreme Court required that the owner of a vehicle have personal knowledge of the vehicle's use for the transportation of narcotic drugs in order to forfeit a vehicle under § 36–1041 et seq. That is exactly the case here. The owner, appellee, pled guilty to possession of marijuana. In addition, he was personally in the 1972 Dodge Van when arrested; consequently, he was clearly within both the terms of the statute and the ambit of the *Mustang* and *Volkswagen* decisions.

Furthermore, there is nothing in Rule 17, Rules of Criminal Procedure, 17 A.R.S., that requires the result reached by the majority opinion. Quite the contrary, Rule 17.5 authorizes the court to "allow withdrawal of the plea of guilty . . . when necessary to correct a manifest injustice." The question for the trial court, in my opinion, should have been, "Was there manifest injustice because there was no mention in the plea agreement of a for-

feiture?". If the judge felt so, as he apparently did as indicated by his ruling, he should have complied with Rule 17.5 and set the agreement, plea, and sentence aside, and then set the matter for trial. He should not have refused to enforce A.R.S. § 36–1041 et seq.

Finally, A.R.S. § 36–1041 et seq. is a civil *in rem* action where the state public policy is acting against the property itself and not acting against the appellee. 23 Am. Jur., *Forfeitures and Penalties*, §§ 6, 14. The statute is not merged with the personal criminal act of the appellee as suggested by the majority opinion. *See* Annot., 50 A.L.R.3d 172 (1973); 36 Am.Jur.2d, *Forfeitures and Penalties*, § 17. They are separate and distinct issues, which the law has recognized for many years. In *Van Oster v. Kansas*, 272 U.S. 465, 47 S.Ct. 133, 71 L.Ed. 354, 47 A.L.R. 1044 (1926), the Court upheld the constitutionality of a statute authorizing forfeiture of an automobile entrusted to a bailee who used it for the unlawful transportation of intoxicating liquor. The unlawful use was without the knowledge or consent of the owner. Justice Stone most aptly pointed out:

It is not unknown, or indeed uncommon, for the law to visit upon the owner of property the unpleasant consequences of the unauthorized action of one to whom he has intrusted it. Much of the jurisdiction in admiralty, so much of the statute and common law of liens as enables a mere bailee to subject the bailed property to a lien, the power of a vendor of chattels in possession to sell and convey good title to a stranger, are familiar examples. They have their counterpart in legislation imposing liability on owners of vehicles for the negligent operation by those intrusted with their use, regardless of a master-servant relation. (citations omitted) They suggest that certain uses of property may be regarded so undesirable that the owner surrenders his control at his peril. The law thus builds a secondary defense against a forbidden use and precludes evasions by dis-

 

pensing with the necessity of judicial inquiry as to collusion between the wrongdoer and the alleged innocent owner. So here the legislature, to effect a purpose clearly within its power, has adopted a device consonant with recognized principles and therefore within the limits of due process. (272 U.S. at 467–68, 47 S. Ct. at 134).

In a more recent opinion the distinction between the criminal and civil aspects of a forfeiture case were sharply highlighted when the Supreme Court upheld the forfeiture of smuggled personal property even though the defendant was acquitted of the charge of smuggling. *See One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). This was a per curiam opinion in which the different elements and burdens of proof in the civil forfeiture case and the criminal case were determinative of the issue. *See also* Annot., 3 A.L.R.2d 738 (1949).

I would reverse the trial court and remand for the forfeiture of the vehicle or proceedings under Rule 17.5, Rules of Criminal Procedure, 17 A.R.S.