121 Ariz. 477 (1979)
591 P.2d 569
In the Matter of ONE 1965 FORD ECONOLINE VAN, I.D. NO. E14TH591372, CALIF. LIC. NO. 98921U.
John PARKER, Appellant,
v.
STATE of Arizona, Appellee.
No. 1 CA-CIV 3845.
Court of Appeals of Arizona, Division 1, Department B.
February 20, 1979.
Rehearing Denied April 16, 1979.
Review Denied May 8, 1979.
*478 Maricopa County Legal Aid Society, by William E. Miller, Jr., and Timothy M. Hogan, Phoenix, for appellant.
Charles F. Hyder, Maricopa County Atty., by Daniel F. McIlroy, Deputy County Atty., Phoenix, for appellee.
OPINION
JACOBSON, Judge.
This appeal rises out of the forfeiture of a 1965 Ford Econoline van pursuant to A.R.S. §§ 36-1041 to 36-1048 and requires us to determine the following:
(1) Whether A.R.S. § 36-1041 authorizes forfeiture of a vehicle where there is no evidence the vehicle was used in the sale or trafficking of marijuana,
(2) If A.R.S. § 36-1041 allows forfeiture of a vehicle where the occupants are possessing marijuana for personal use only, whether the statute is unconstitutional, and
(3) Whether the plea agreement entered into in this case prohibits a subsequent forfeiture of the vehicle involved in the underlying prosecution.
The facts are not in dispute. On the evening of October 16, 1976, appellant, John Parker, the registered owner of the 1965 Ford Econoline van involved here drove his vehicle to the home of a friend named Roger in order that they could go shopping. After completing their shopping, appellant made an illegal turn in the presence of two Phoenix police officers. Upon stopping the vehicle, the officers approached the van and detected the aroma of marijuana. The subsequent search of the vehicle revealed two small pouches of marijuana (containing 32 grams) and a partially consumed marijuana cigarette.
There is no contention that appellant or Roger was a dealer in marijuana or that the vehicle was or ever had been used for selling or trafficking in marijuana. Nor is there any contention made that the marijuana found in the vehicle was intended to be used in any manner other than for the personal consumption of the occupants.
The appellant and Roger were arrested for simple possession of marijuana. Appellant, pursuant to a plea agreement, entered a plea of guilty to a misdemeanor charge of possession of marijuana and was fined the sum of $60 as his total criminal punishment. The plea agreement entered into contained a clause which provided: "That this plea agreement in no way affects a civil forfeiture proceeding pursuant to A.R.S. § 36-1041 through 36-1048 or A.R.S. § 32-1993, if applicable." The estimates of the value of the van involved range from $300 to $3,000, with a probable realistic value in the $1,000 range.
Based upon these facts, the trial court ordered forfeiture of the van and this appeal followed.
Appellant first argues that the legislative intent in enacting A.R.S. § 36-1041 was to deter trafficking in controlled substances and therefore forfeitures under that statute should be limited to situations falling within that legislative intent.
A.R.S. § 36-1041 provides:

*479 "The interest of the legal owner or owners of record of any vehicle used to transport unlawfully a narcotic drug,[1] or in which a narcotic drug is unlawfully kept, deposited or concealed, or in which a narcotic is unlawfully possessed by an occupant, shall be forfeited to the state."
Appellant argues that the commission's notes to the forfeiture provisions of the Uniform Controlled Substances Act should be controlling as to the intent of the Arizona legislature in enacting A.R.S. § 36-1041. It is true that the Uniform Controlled Substances Act was intended to provide a "means of confiscating the vehicles and instrumentalities used by drug traffickers" and "to deprive the drug trafficker of needed mobility." 9 Uniform Laws Annotated § 505, p. 338. However, Arizona has not passed the Uniform Act and the Arizona statute is dissimilar from the Uniform Act in several particulars. Section 505(a)(4) of the Uniform Act which corresponds to A.R.S. § 36-1041 provides:
"The following are subject to forfeiture:
* * * * * *
"(4) all conveyances, including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in paragraph (1) or (2)...." 9 Uniform Laws Annotated, p. 336. (Emphasis added.)
The Uniform Act, unlike the Arizona statute, does not expressly allow forfeiture where the illegal substance is "kept, deposited or concealed, or in which a narcotic is unlawfully possessed by an occupant ..." A.R.S. § 36-1041.
Based upon the dissimilarity between the two acts, we do not find the intent of the commission in drafting the Uniform Act to be persuasive in interpreting the Arizona statute.
Appellant next argues that A.R.S. § 36-1047(B) supplies the necessary legislative intent to limit forfeitures to drug traffickers because that section uses the word "transport" which has connotations of trafficking. This section provides:
"B. If the court finds that the vehicle was not used to transport narcotic drugs, it shall order it released to the owner as his right, title or interest appears of record as of the date of the seizure." (Emphasis added.)
This argument overlooks A.R.S. § 36-1045(C) which provides:
"At the hearing [forfeiture hearing] any owner or claimant who has a verified answer on file may show by competent evidence that the vehicle was not used to transport narcotic drugs illegally, or that narcotic drugs were not unlawfully possessed by an occupant of the vehicle, nor the vehicle used as a depository or place of concealment for narcotic drugs." (Emphasis added.)
Our overall reading of the forfeiture statutes does not lead us to believe that the legislature intended by the use of the word "transport" in A.R.S. § 36-1047(B) to limit forfeitures only to situations involving transportation for sale.
Next, appellant argues that several Arizona appellate decisions have stated the legislative intent that forfeitures should be so limited; for example: In re 1962 Volkswagen Sedan, Motor No. 4230506, 10 Ariz. App. 349, 350, 458 P.2d 969, 970 (1969), vacated, 105 Ariz. 315, 464 P.2d 338 (1970) ("The obvious legislative purpose [in enacting A.R.S. § 36-1041] is to create a secondary defense against unlawful drug traffic."); In re A 1972 Dodge Van, California License # 247-FNB, 24 Ariz. App. 337, 339, 538 P.2d 766, 768 (1975) ("The obvious intent of the legislature in enacting the forfeiture legislation was to deter the trafficking in narcotics ..."). We agree that these and other Arizona cases accurately describe one of the ascertainable intentions *480 of the legislature in enacting our forfeiture statutes. However, these cases do not hold that the controlling of drug trafficking was the sole evil addressed by the legislature or that enforcement of the forfeiture provisions should be limited to those cases where that one evil is present.
Finally, on this subject, appellant argues that the "modern trend" of judicial decisions have limited drug-related vehicle forfeitures to drug trafficking situations. In this regard, appellant cites Reeder v. State ex rel. Myers, 294 Ala. 260, 314 So.2d 853 (1975); In re Forfeiture of 1972 Porsche 2 Dr., '74 Florida License Tag ID 91780, 307 So.2d 451 (Fla.App. 1975); State v. One 1972 Pontiac Grand Prix, Two-Door Hardtop, VIN 2K57T2A161214, 242 N.W.2d 660 (S.D. 1976); and State v. One Porsche 2-Door, I.D. No. XXXXXXXXX, 526 P.2d 917 (Utah 1974).
Insofar as the cases from Alabama, Florida and South Dakota are concerned, the statutes in those states are sufficiently dissimilar to the Arizona statute so as to afford little authority for interpretation of our statute.
The Utah case requires a further comment. The Utah statute allows forfeiture of vehicles "used or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of [illegal drugs]...." In a three to two decision, the Utah Supreme Court was able to determine that the legislative intent was:
"directed exclusively toward the transportation of a controlled substance for distribution according to erstwhile law merchant principles, and not for personal possession and consumption." 526 P.2d at 918-19. (Emphasis in original.)
We are unable to ascertain the same legislative intent in the Arizona statute. Under A.R.S. § 36-1041, forfeitures are mandated under three separate circumstances: (1) When the motor vehicle is "used to transport unlawfully a narcotic drug"; (2) when a "narcotic drug is unlawfully kept, deposited or concealed" in the vehicle; and (3) when a "narcotic is unlawfully possessed by an occupant" in the vehicle.
The statute is clear and unambiguous. Forfeiture is not limited to transportation alone. Nor is the amount of the drug material. In this case, it is uncontested that marijuana was "kept, deposited or concealed" and "unlawfully possessed by an occupant" in the vehicle. The acts complained of fall within the clear provisions of the statute and no amount of judicial juggling can make it otherwise.[2] In view of the widening gap between the criminal penalties imposed for possession of small amounts of marijuana (misdemeanors) and the the financial impact of forfeiture caused by such possession, the legislature may well want to reconsider whether the public policy of this state should allow forfeiture where personal possession of marijuana is involved. However, as stated by Justice Crockett, in his dissent in State v. One Porsche 2-Door, I.D. No. XXXXXXXXX, 526 P.2d 917 at 923:
"whatever the problem may be, it should be dealt with legislatively rather than judicially."
We therefore hold that A.R.S. § 36-1041 allows forfeiture of a vehicle in which marijuana is found, regardless of how small the amount and even though the intended use of the marijuana was for personal consumption. Accord, United States v. One 1957 Oldsmobile Automobile, Motor No. A227445, 256 F.2d 931 (5th Cir.1958); Associates Investment Co. v. United States, 220 F.2d 885 (5th Cir.1955); United States v. One 1973 Dodge Van, VIN B21AE3X095937, 416 F. Supp. 43 (E.D.Mich. 1976); United States v. One 1971 Porsche Coupe Automobile, Vehicle Identification Number XXXXXXXXXX, 364 F. Supp. 745 (E.D. Pa. 1973).
*481 Appellant next argues that if A.R.S. § 36-1041 authorizes forfeiture of the vehicle where personal consumption possession only is involved, the statute is unconstitutional as a deprivation of due process and equal protection.
Appellant places reliance for his constitutional argument upon the United States Supreme Court decision in United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971). In our opinion, his reliance is misplaced. In Coin & Currency, the Court was faced with the question of whether the claimant could exercise in forfeiture proceedings the same Fifth Amendment guarantees against self-incrimination which would be available in a criminal prosecution of the underlying criminal charge of failing to register as a gambler and pay the related tax.
In holding that Fifth Amendment guarantees apply in the forfeiture proceedings, the Court noted:
"When the forfeiture statutes are viewed in their entirety, it is manifest that they are intended to impose a penalty only upon those who are significantly involved in a criminal enterprise." 401 U.S. at 721-22, 91 S.Ct. at 1045, 28 L.Ed.2d at 439.
Seizing upon the "significantly involved" language and based upon his previous argument as to the legislative intent involved in the Arizona statutes, appellant contends that to forfeit where less than "drug trafficking" is involved, results in unconstitutional action.
That Coin & Currency does not have the constitutional effect urged is made amply clear in Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974). In Calero-Toledo, a lessor of a yacht was attempting to set aside a forfeiture of that yacht by Puerto Rican authorities who found a small amount of marijuana on the yacht in possession of the lessees. As the court stated:
"The question presented is whether the Constitution is violated by application to appellee, the lessor of a yacht, of Puerto Rican statutes providing for seizure and forfeiture of vessels used for unlawful purposes when ... the appellee was neither involved in nor aware of the act of the lessee which resulted in the forfeiture." 416 U.S. at 664, 94 S.Ct. at 2082, 40 L.Ed.2d at 457.
In holding that forfeiture was proper, the Court noted:
"Thus, Coin & Currency [United States v. United States Coin and Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971)] did not overrule prior decisions that sustained application to innocents of forfeiture statutes, like the Puerto Rican statutes, not limited in application to persons `significantly involved in a criminal enterprise.'" 416 U.S. at 688, 94 S.Ct. at 2094, 40 L.Ed.2d at 471.
The Court went on to note, however, that a forfeiture would be difficult to sustain, if the owner of the property:
"proved not only that he was uninvolved in and unaware of the wrongful activity, but also that he had done all that reasonably could be expected to prevent the proscribed use of his property; for, in that circumstance, it would be difficult to conclude that forfeiture served legitimate purposes and was not unduly oppressive." 416 U.S. at 689-90, 94 S.Ct. at 2094-95, 40 L.Ed.2d at 471-72.
Even United States v. One 1972 Datsun, Vehicle Identification No. LB1100355950, 378 F. Supp. 1200 (D.N.H. 1974), which was a post Coin & Currency case but a pre Calero-Toledo case and upon which appellant relies, held that:
"... to be forfeited, a vehicle must have some substantial connection to, or be instrumental in, the commission of the underlying criminal activity which the statute seeks to prevent." 378 F. Supp. at 1204.
Here, the appellant was afforded a due process hearing prior to forfeiture of his van. Moreover, there is no contention that appellant was unaware of or uninvolved in criminal activity (possession of marijuana) or that the vehicle was not used to "deposit [or] conceal" the marijuana, thus providing *482 the "substantial connection to ... the underlying activity which the statute seeks to prevent."
As previously indicated, we find that Arizona's statute allows forfeiture where the vehicle is used to transport, conceal, or is used by an occupant in possession of a narcotic drug. This being the object of the statute, we cannot judicially say that allowing forfeiture where simple possession of marijuana alone is involved does not serve a "legitimate purpose" or is "unduly oppressive." See Calero-Toledo v. Pearson Yacht Leasing Co., supra. We find no due process constitutional infirmities.
Appellant next argues that to allow forfeiture for simple possession violates constitutional requirements of equal protection. His argument is this: If a pedestrian is found smoking a marijuana cigarette on a street corner, he is subjected to merely a $60 misdemeanor fine. If that same individual is found smoking a marijuana cigarette while seated in his automobile at the same street corner, he is subject not only to the $60 fine, but the loss of his vehicle. This, appellant claims, is a denial of equal protection.
While this argument may have facial appeal, the law is clear that the legislature may constitutionally treat classes of citizens differently (here users and non-users of vehicles) provided that the classification is reasonable. Landgraff v. Wagner, 26 Ariz. App. 49, 546 P.2d 26, appeal dismissed, 429 U.S. 806, 97 S.Ct. 40, 50 L.Ed.2d 67 (1976). Also, a legislative classification will not be overturned if a rational basis for the classification exists under any set of operative facts. State v. Kelly, 111 Ariz. 181, 526 P.2d 720 (1974), cert. denied, 420 U.S. 935, 95 S.Ct. 1143, 43 L.Ed.2d 411 (1975).
Given the mobility afforded by a vehicle and hence the increased opportunity to avoid detection or arrest by illegal users of such vehicles as compared to pedestrians, we must say a reasonable classification exists for equal protection purposes between users and non-users of vehicles who carry on illegal activities.
Finally, under his constitutional attack, appellant urges that forfeiture under the circumstances presented here results in "double jeopardy." This contention has been adjudicated adversely to appellant in One Lot Emerald Cut Stones and One Ring v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972).
While we may question the wisdom of the legislation which allows forfeiture under the circumstances presented here,[3] especially considering the minor nature of the criminal penalty involved and the vast discretion vested in law enforcement officials as to whether forfeiture will be sought in the mere possession case,[4] we hold that the legislature can constitutionally do what it has done.
Finally, appellant contends that the forfeiture here was in contravention of his plea agreement and based upon this court's decision in In re A 1972 Dodge Van, California License # 247-FNB, 24 Ariz. App. 337, 538 P.2d 766 (1975), forfeiture should be denied.
In 1972 Dodge Van, we held that where a plea agreement was silent as to forfeiture and the agreement provided for a punishment certain, because of the quasi criminal nature of forfeiture proceedings, further punishment by way of forfeiture could not be *483 extracted. Here, the plea agreement was not silent as to forfeiture, but specifically provided: "That this plea agreement in no way affects a civil forfeiture proceeding pursuant to A.R.S. § 36-1041 through 36-1048 or A.R.S. § 32-1993, if applicable." This provision appears to have been inserted in the plea agreement in direct response to our holding in 1972 Dodge Van.
Appellant argues that this provision is ambiguous as it does not state whether in fact the state intends to institute forfeiture proceedings. In our opinion, the provision is not ambiguous, but we need not determine that here, for the state's action in this case removed any possible ambiguity. These forfeiture proceedings were commenced on October 22, 1976. Notice was sent to appellant on that date, signed by him and returned on October 26, 1976. The plea agreement was not executed until October 29, 1976, at which time appellant was aware of the state's intent to forfeit. We hold that 1972 Dodge Van is not applicable under these circumstances.
Based on the foregoing, the judgment of forfeiture is affirmed.
OGG, Chief Judge, Division 1, concurs.
SCHROEDER, Presiding Judge, dissenting.
As a result of his arrest for simple possession of a small amount of marijuana, appellant was fined $60. Because the arrest occurred while appellant was in his vehicle, he was subjected to the additional and far greater burden of forfeiting his ownership of the van. That forfeiture resulted in a loss many times greater than the criminal penalty actually imposed, and could well have been significantly greater than the maximum $1,000 fine authorized by the statute for first time possession of marijuana. I cannot agree with the majority that such an incongruous result is required under our statutes relating to drug offenses. I therefore dissent.
The majority relies exclusively upon the terse and general language of the forfeiture provisions of A.R.S. § 36-1041. However, it is clear from reading the carefully drawn provisions of the preceding article that the legislature intended to treat first time possession of marijuana for personal use as a less serious offense than, for example, the trafficking in marijuana, or the possession of so-called "hard drugs."
Our own Supreme Court has forthrightly recognized that forfeiture, despite its civil trappings, is a punishment, and that the forfeiture statute should not be interpreted in an arbitrary or unreasonable manner. Indeed, in holding that an owner's interest could not be forfeited under the statute without the owner's knowledge of the connection between the use of a car and criminal offense, the Supreme Court rejected the same type of literal construction engaged in by the majority today. In Re One 1965 Ford Mustang, Motor No. 5R07A242628, License No. HGH-968. State v. Lewis, 105 Ariz. 293, 463 P.2d 827 (1970); In Re One 1962 Volkswagen Sedan, Motor No. 4230506, Arizona License No. JGR 254. State v. Cook, 105 Ariz. 315, 464 P.2d 338 (1970).
It is true that there are federal cases which would appear, at least indirectly, to sanction sweeping applications of forfeiture statutes. The most notable of these is Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974), which upheld a forfeiture of an owner's $20,000 yacht because a single marijuana cigarette was found on board while the yacht was leased to another party. The result in that case, however, is so directly contrary to the holding of our Supreme Court interpreting the Arizona statute in In Re One 1965 Ford Mustang that it can hardly be looked to as providing definitive guidance for this Court.
Far more compelling authority in my view is found in the decisions of those courts which have refused to permit forfeiture in mere possession cases. State v. One Porsche 2-Door I.D. No. XXXXXXXXX, 526 P.2d 917 (Utah 1974); In Re 1972 Porsche 2-Door, '74 Florida License Tag I.D. 91780, VIN # XXXXXXXXXX, 307 So.2d 451 (Fla.App. 1975); and State v. One 1972 Pontiac Grand *484 Prix, Two-Door Hardtop, VIN 2K57T2A161214, 242 N.W.2d 660 (S.D. 1976). While the majority dismisses these cases as involving statutes with different language than our own, it is apparent upon reading them that the courts were motivated not by the precise language of the statute but by the harsh and unjust results which would flow from rigid application of the forfeiture statutes to marijuana possession cases. The Florida court concluded that the fundamental intent of forfeiture statutes is to punish individuals who are "significantly involved in a criminal enterprise." With similar emphasis on the intent of the legislature to deter drug traffickers, the South Dakota court was "convinced" that the state legislature could not have intended this harsh sanction to apply to vehicles containing misdemeanor amounts of marijuana. The Utah court termed such a result "outrageous."
Since I do not believe that the myopic literalism of the majority opinion is consistent with the overall purposes of forfeiture statutes or with the statutory scheme which the Arizona Legislature has established for controlling marijuana offenses, I respectfully dissent.
NOTES
[1] Appellant does not argue that marijuana is not a "narcotic drug" within the meaning of this statute.
[2] The dissent characterizes this conclusion as a case of "myopic literalism." However, attempting to analyze this statute, first enacted in 1939, without giving meaning to the words of the statute itself, has caused us to come down with a case of hyperopic crystal ball gazing.
[3] Several states have either repealed their forfeiture statutes where narcotics are involved or limited forfeiture to those instances where drug trafficking is involved or because of the amount, trafficking is presumed. See Ark.Stat. Ann. § 82-2629(a)(4); 1967 Cal.Stats. ch. 280, p. 1437; Mass. Gen. Laws Ann. ch. 94C, § 47(c)(4); S.C.Code § 44-53-530(1).
[4] At the time of oral argument, the Deputy County Attorney of Maricopa County stated to the court that under policy guidelines of the Maricopa County Attorney's office, forfeitures would be sought in marijuana cases if less than 28 grams (1 ounce) of marijuana were found, only where: (1) the owner had prior drug related convictions, either felony or misdemeanor, or (2) the vehicle was involved in drug trafficking in some manner, or (3) a search warrant of a house revealed a substantial amount of drugs and a smaller amount was found in the vehicle owned by the occupants of the house.