606 P.2d 11

**In the Matter of a 1972 CHEVROLET CORVETTE I. D. NO. 1Z67K2S507369 LICENSE NO. TSX 699.**

**STATE of Arizona, Appellant,**

v.

**Roger Scott CAMPBELL, Appellee.**

**No. 14181.**

Supreme Court of Arizona,
In Banc.

Jan. 22, 1980.

Charles F. Hyder, Maricopa County Atty., Daniel F. McIlroy, Deputy County Atty., Phoenix, for appellant.

Henry J. Florence, Ltd., Charles K. Ledsky, Phoenix, for appellee.

GORDON, Justice:

This is an appeal by the State of Arizona from the judgment of the trial court dismissing a forfeiture action under A.R.S. § 36–1041 et seq.[1] and ordering the return of a seized vehicle to its owner. We have jurisdiction under Rule 19(e), 17A A.R.S., Rules of Civil Appellate Procedure. We affirm the trial court's judgment.

The issues before this Court are:

(1) Did the trial court correctly dismiss the forfeiture suit, because the plea agreement did not provide for forfeiture?

(2) Did the trial court correctly preclude parol evidence of an agreement that the vehicle would be forfeited?

(3) Did the trial court properly order the release of the vehicle to its owner during the pendency of this appeal?

On October 7, 1977, Roger Scott Campbell was arrested for selling cocaine to an undercover Tempe policeman while the parties were seated in Campbell's car, the subject of this case. Based on this arrest, on October 21, 1977, Campbell's car was seized by Tempe police, and on October 28, forfeiture proceedings were commenced.[2] On November 10, 1977, Campbell and the Maricopa County Attorney's Office entered into a written plea agreement. Campbell agreed to plead guilty to possession of dangerous drugs, A.R.S. § 32–1970(C), punishable as either a felony or a misdemeanor for a first offense, which this was. *See* A.R.S. § 32–1996(B). Typed into the agreement was the following: "If this plea agreement is accepted it is stipulated that the sentence shall be 5 years probation, 7 days cty. jail, payment of $360.00 restitution to the City of Tempe." The agreement was silent as to the pending forfeiture proceedings.

## EFFECT OF THE PLEA AGREEMENT ON FORFEITURE

The court below based its judgment on a Court of Appeals decision, *In Re A 1972 Dodge Van*, 24 Ariz.App. 337, 538 P.2d 766 (1975). In *Dodge Van*, the owner of the van had been arrested for possession of marijuana while driving the vehicle. He and the prosecutor entered into a plea agreement pursuant to which he would receive a specified sentence for a plea of guilty to possession of marijuana. The Court of Appeals held that the forfeiture of the van constituted additional punishment and was in violation of the plea bargain. We agree with the court in *Dodge Van*, and we find that its holding applies to this case.

---

1. The action was originally brought pursuant to both A.R.S. §§ 32–1993 and 36–1041 et seq., but in its brief the state treats the action as brought under only § 36–1041 et seq.

2. A.R.S. § 36–1041 provides for the forfeiture to the state of "any vehicle used to transport unlawfully a narcotic drug, or in which a nar-

cotic drug is unlawfully kept, deposited or concealed, or in which a narcotic is unlawfully possessed by an occupant * * *." A.R.S. § 36–1042 authorizes the seizure of such a vehicle until the forfeiture proceedings are terminated.

This Court, in *In Re One 1965 Ford Mustang*, 105 Ariz. 293, 463 P.2d 827 (1970), held that vehicle forfeiture under A.R.S. § 36–1041 et seq. was basically a penalty for a criminal offense. Indeed, we said that unless forfeiture was viewed as a criminal punishment, it would be an unconstitutional taking without due process of law. It is clear in this case, as in *Dodge Van, supra,* that in seeking to forfeit Campbell's car, the state is attempting to punish him for the very same criminal offense out of which his plea bargain arose. The state cannot exact this additional punishment if it would violate the terms of the plea agreement. *See Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

As in *Dodge Van*, the plea agreement in this case precludes additional punishment. The parties not only agreed upon the charges to which Campbell would plead guilty and upon the charges which would be dropped or dismissed, they also agreed upon the precise punishment Campbell would receive if the plea were accepted. "The State may not now be heard to say that it can increase that punishment certain merely because the agreement did not specifically negate the punishment inherent in the proposed forfeiture." *In Re A 1972 Dodge Van*, 24 Ariz.App. 337, 340, 538 P.2d 766, 769 (1975).

The state contends that *Dodge Van* is an aberration of the law concerning forfeitures and that generally vehicle forfeitures "were treated totally separate and apart from" criminal prosecutions. *Dodge Van*, it is urged, improperly merged "civil in rem vehicle forfeitures" into "in personam criminal matters."

■ The relationship between civil forfeiture proceedings and the rights of the parties involved has been a rather murky area of the law. The cases have reached varying results, depending on the particular forfeiture statute in question and the particular criminal rule sought to be applied. *Compare One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) *with One Lot Emerald Cut Stones and One Ring v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972). All we need say in this case is that the state may not seek to forfeit a vehicle because of the criminal behavior of its owner when the state and the owner have made a plea bargain as to the criminal behavior which specifies exactly which punishments the owner shall receive, and forfeiture is not listed among them. That forfeiture provisions and criminal law may be separate for some purpose does not provide an excuse for the state to breach its plea agreements.

The state also asserts that the provisions for forfeiture under A.R.S. § 36–1041 et seq. are mandatory, and regardless of the contents of the plea bargain, the state must seek forfeiture. The state provides us with no authority for this novel assertion nor can we find any. A.R.S. § 36–1041 et seq. does contain some mandatory language, but, in the absence of evidence that the Legislature intended otherwise, this language merely means that if the state demonstrates in court that the factual predicate for forfeiture exists, the vehicle must be forfeited, and when the state seeks forfeiture it must follow the prescribed procedures. We note also that Rule 17.4(a), Rules of Criminal Procedure, 17 A.R.S., provides that "[t]he parties may negotiate concerning, and reach an agreement on, any aspect of the disposition of the case." Consequently we find this last claim by the state to be without merit.

The state attempts to factually distinguish the circumstances in the present case from those in *Dodge Van*. Thus it is noted that the offense in *Dodge Van* was less serious than the offense in this case. Further, the plea agreement in *Dodge Van* preceded the institution of forfeiture proceedings, but in this case the proceedings had already commenced at the time of the plea bargain. We find these distinctions irrelevant. The state also contends that in this case, unlike *Dodge Van*, the parties had discussed forfeiture and had even agreed that Campbell would not oppose it. This claim is more properly considered in our discussion of parol evidence.

ADMISSION OF PAROL EVIDENCE

The state claims that the trial court erroneously refused to allow testimony that, in addition to the punishment provided by the written terms of the plea agreement, Campbell's car was to be forfeited. In its brief, the state says that Campbell's attorney, during the plea bargain negotiations, represented that he had no intention of filing an answer to the state's forfeiture petition. The parties have treated this issue as whether parol evidence can vary the terms of a written plea agreement. We need not, however, consider this broad question, since, under the particular facts of this case, the trial court ruled correctly.

■ The plea agreement was signed on November 10, 1977. On November 16, Campbell filed an answer to the forfeiture proceedings, and thus clearly indicated an intention to oppose forfeiture. Campbell entered his plea of guilty in court and it was accepted on November 23, 1977; Campbell was sentenced on December 22, 1977. 17 A.R.S., Rules of Criminal Procedure, Rule 17.4(b) provides that a plea "agreement may be revoked by any party prior to its acceptance by the court." The state had ample opportunity to revoke the agreement if, as it now contends, the vehicle served as the primary consideration for the state to enter into the plea agreement.[3] Under these circumstances, the state must be deemed to have waived any oral promise by Campbell not to oppose forfeiture, and the trial court correctly refused to hear testimony about the promise.

RELEASE OF THE VEHICLE PENDING THE STATE'S APPEAL

The state contends that the trial court erroneously released the vehicle to its owner after the state had filed its notice of appeal. Because we have already decided

that the trial court correctly dismissed the forfeiture proceedings, we need not consider this issue.

The judgment of the trial court is affirmed.

STRUCKMEYER, C. J., and CAMERON, J., concur.

HOLOHAN, Vice Chief Justice, dissenting.

The error of *In re 1972 Dodge Van, supra,* that a civil forfeiture proceeding is part of the sentence in a criminal case is approved by a majority of this court. I dissent from this view.

The Criminal Rules allow the parties to reach an agreement on any aspect of the disposition of *the case.* 17 A.R.S. Rules of Criminal Procedure, rule 17.4. Obviously *the case* means the criminal case at issue, for a civil forfeiture matter is not part of the sentence in a criminal case—at least not until this decision.

The fact that forfeiture proceedings are described as quasi-criminal, or that they are designed to penalize for a criminal enterprise, has not changed their character as separate proceedings independent of the criminal action.

The distinction between a civil forfeiture proceeding and a criminal case has long been recognized in the law. This distinction is illustrated by *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) in which the United States Supreme Court held that an acquittal on a criminal charge of smuggling was not a bar to a civil action to forfeit smuggled goods and by the person acquitted. The actions were held to be separate and independent.

**3.** It appears from the state's response to Campbell's motion to dismiss, that until January 20, 1978, the state's attorneys assigned to the plea bargain were unaware of Campbell's opposition to forfeiture, and the attorneys working on the forfeiture were unaware of the existence of the plea agreement. We do not believe that this lack of communication is a valid excuse for

failing to revoke the agreement when the opportunity existed. *Cf. Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427, 433 (1971), where the United States Supreme Court said, "The staff lawyers in a prosecutor's office have the burden of 'letting the left hand know what the right hand is doing' or has done."

The Fifth Circuit rejected the notion advanced that the forfeiture of an automobile constituted a criminal punishment so the defendant automobile owner could not be tried and punished in a criminal case arising out of the acts leading to the forfeiture. *United States v. Mendoza*, 473 F.2d 692 (5th Cir. 1973).

The cited cases demonstrate that even though forfeitures are recognized as quasi-criminal and designed to penalize for a criminal enterprise, they are nevertheless separate proceedings.

With the resolution of this case by the majority, prosecutors are not on notice that plea agreements must be carefully drawn to avoid disposing of the State's right to proceed in a forfeiture proceeding arising out of the same acts as the criminal case.

HAYS, J., concurs.