699 P.2d 1287

**Michael H. LOUGHRAN, Petitioner,**

v.

**The SUPERIOR COURT OF the COUNTY OF MARICOPA, and the Honorable Bernard Dougherty, Judge thereof, Arizona Department of Transportation; Motor Vehicle Division, Driver's License Group, Juan Martin, Director, Arizona Department of Transportation, Real Party in Interest, Respondents.**

No. 18031–SA.

Supreme Court of Arizona,
In Banc.

April 22, 1985.

Reconsideration Denied June 4, 1985.

Richard M. Gerry, P.C. by Richard M. Gerry, Phoenix, for petitioner.

Robert K. Corbin, Atty. Gen. by Bryan B. Perry, Asst. Atty. Gen., Phoenix, for respondents.

CAMERON, Justice.

This is a petition for special action to review a decision of the Superior Court of Maricopa County, the Honorable Bernard Dougherty, refusing to stay the revocation of petitioner's driver's license. We have jurisdiction pursuant to Article 6, § 5(3) of the Arizona Constitution, and Rules 4 and 8(a), Arizona Rules of Procedure for Special Actions, 17A A.R.S.

We must answer two questions on appeal:

1. Is the revocation of a driver's license pursuant to A.R.S. § 28–445 a civil or criminal penalty?

2. Did the Arizona Department of Transportation properly revoke petitioner's license?

The facts necessary for a determination of this matter on appeal are as follows: On 25 September 1982 and again on 10 November 1982, petitioner was arrested for driving a motor vehicle while under the influence of intoxicating liquor and while his license was suspended, cancelled, revoked or refused, A.R.S. § 28–692.02, both class 5 felonies. On 10 November 1983, one year after the second arrest, petitioner entered into a plea agreement wherein he pled guilty to the two offenses pursuant to A.R.S. §§ 28–692 and –692.02. Under the

terms of the plea agreement, the Maricopa County Attorney's Office withdrew an allegation of prior conviction. The plea agreement was silent as to the revocation or suspension of petitioner's driving privileges by the Department of Transportation. On 12 December 1983, petitioner was placed on probation for two years and sentenced to two concurrent terms of six months to commence 7 June 1984. Evidently, the petitioner served his time and was released. On 28 December 1984, over a year after petitioner had been sentenced, the respondent, Arizona Department of Transportation, Motor Vehicle Division, Driver's Responsibility Section, notified petitioner that effective 28 December 1984, his driver's license was being revoked for a period of one year pursuant to A.R.S. § 28–445.

Petitioner sought relief in the Superior Court contending that because the terms of the plea agreement contained no provision for revocation of his driver's license, the Department of Transportation could not act. The trial court denied this request and petitioner brought a special action petition to this Court. We granted the petition for special action because the matter appeared to be one of statewide importance and there is no plain, speedy or adequate remedy by appeal.

## IS THE REVOCATION A CIVIL OR CRIMINAL PENALTY?

Petitioner was found guilty of violating Chapter 6 of Title 28, the Uniform Act Regulating Traffic on Highways, and specifically A.R.S. §§ 28–692 and –692.02. The Department of Transportation revoked petitioner's license pursuant to A.R.S. § 28–445 which reads in part as follows:

The department shall, in addition to the grounds for mandatory revocation provided for in the uniform act regulating traffic on highways, forthwith revoke the license of an operator or chauffeur upon receiving a record of the operator's or chauffeur's conviction of any of the following offenses, when the conviction has become final:

\* \* \* \* \* \*

6. Conviction, or forfeiture of bail not vacated, upon a second or subsequent charge of driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor, reckless driving, racing on highways, or any combination thereof not arising out of the same event, committed within a period of twenty-four months.

According to this statute, once petitioner was found guilty of two offenses of driving while under the influence within twenty-four months, he was subject to the provisions of A.R.S. § 28–445 and the Department of Transportation was required to revoke his license.

The question we must determine is whether the revocation of petitioner's license by the Department of Transportation pursuant to A.R.S. § 28–445 is a civil or a criminal penalty. If the penalty is a criminal one, then the County Attorney had jurisdiction to bind the Department of Transportation to the plea agreement since the County Attorney represents the State in all criminal matters, A.R.S. § 11–532(A)(1). If, on the other hand, this is a civil penalty, then the County Attorney may not bind the Department of Transportation by the plea agreement unless approval is first obtained from the Department.

Petitioner contends that previous cases of this Court clearly indicate that the license revocation is a criminal penalty. Two cases relied upon by petitioner are *In the Matter of a 1972 Chevrolet Corvette I.D. No. 1Z67K25507369, License No. TSX699*, 124 Ariz. 521, 606 P.2d 11 (1980) and *In the Matter of a 1972 Dodge Van, California License #247–FNB VIN #B11AE2U587244*, 24 Ariz.App. 337, 538 P.2d 766 (1975). These cases involved forfeiture of an automobile as a result of finding narcotics in the vehicle. We held that this was a criminal penalty resulting from a criminal conviction and that if the plea agreement did not provide for forfeiture of the automobile, the State could not take the vehicle. As we have previously noted:

Under the present state of constitutional development, there can be no question but that forfeiture of an automobile is *punishment for a criminal offense.* It is the only way a car could be forfeited; otherwise, it would be taking property without due process of law.

*In re One 1965 Ford Mustang,* 105 Ariz. 293, 299, 463 P.2d 827, 833 (1970) (emphasis added).

However, not all penalties arising out of operation of a motor vehicle are criminal in nature. The operation of a motor vehicle can result in criminal, civil or administrative penalties for the same acts and conduct. *See Severson v. Sueppel,* 260 Iowa 1169, 152 N.W.2d 281 (1967). We have held for example that the suspension of a driver's license for failure to submit to a chemical breath test pursuant to our implied consent law, A.R.S. § 28-692, is civil in nature, stating:

In *Severson v. Sueppel,* 260 Iowa 1169, 152 N.W.2d 281, 285 (1967) the court noted that the operation of a motor vehicle may give rise to both a civil and administrative licensing procedure and a criminal action. It is also noted that the "outcome of one action is of no consequence to the other. Acquittal of the criminal charge of operating a motor vehicle while intoxicated did not preclude defendant from revoking plaintiff's driver's license." *See Gottschalk v. Sueppel,* 258 Iowa 1173, 140 N.W.2d 866 (1966); *Prucha v. Department of Motor Vehicles,* 172 Neb. 415, 110 N.W.2d 75 (1961). *See also* 88 A.L.R.2d 1064; 96 A.L.R.2d 612, and cases collected in *State v. Starnes,* 21 Ohio St.2d 38, 254 N.E.2d 675, 679 (1970). We hold that suspension proceedings under Arizona's Implied Consent Law are civil in nature and are therefore governed by the rules of civil procedure.

*Campbell v. Superior Court,* 106 Ariz. 542, 550, 479 P.2d 685, 693 (1971).

As to the revocation of a license for driving while under the influence of intoxicating liquor, we have not clearly stated whether it is a criminal or civil penalty. Admittedly, such revocation is part of the criminal conviction.

There is no discretion given the Highway Department in instances involving second convictions within a period of 24 months for driving while under the influence of intoxicating liquor. The event or matter which causes the action by the Department is of course the second conviction. *The revocation of the license is an additional penalty provided by law arising out of and is a part of the second conviction.*

*Campbell v. Superior Court,* 111 Ariz. 71, 73, 523 P.2d 502, 504 (emphasis added), cert. denied, 419 U.S. 1055, 95 S.Ct. 637, 42 L.Ed.2d 642 (1974).

It does not necessarily follow, however, that the penalty of revocation is criminal in nature. We believe the better view is that although the license revocation is the result of a criminal conviction, it is not a criminal penalty to punish the driver but a civil and administrative remedy to protect the public from the impaired driver. It is a finding that by reason of his conduct, as evidenced by two convictions of driving while intoxicated within 24 months, the petitioner "is no longer a fit person to hold and enjoy the privilege which the State had theretofore granted to him under its police power. * * [T]he purpose of the revocation is to protect the public and not to punish the licensee." *Prichard v. Battle,* 178 Va. 455, 462, 17 S.E.2d 393, 396 (1941). *See also Commonwealth v. Harris,* 278 Ky. 218, 128 S.W.2d 579 (1939); *Thrasher v. State,* 94 Okl.Crim. 105, 231 P.2d 409 (1951); *Parker v. State Highway Department,* 224 S.C. 263, 78 S.E.2d 382 (1953).

■ We therefore hold that the Department of Transportation acts civilly rather than criminally when it seeks to remove a person from the highway. The County Attorney could not then bargain the license revocation away without permission of the Department of Transportation.

### DID THE DEPARTMENT OF MOTOR VEHICLES ACT PROPERLY IN THIS CASE?

We question, however, whether the Department of Motor Vehicle acted correctly in revoking petitioner's license. Our statute provides that upon two driving while intoxicated convictions becoming final within twenty-four months "[t]he department shall, * * * forthwith revoke the license * * *." A.R.S. § 28–445.

In the instant case, the matter was disposed of in the trial court by plea agreement on 12 December 1983 and the matter became final on the expiration of the time for appeal, 20 days later. Rule 31.3, Rules of Criminal Procedure, 17 A.R.S. *Campbell v. Superior Court*, 105 Ariz. 252, 462 P.2d 801 (1969) (final conviction is one as to which motor vehicle operator has exhausted his right to appeal).

■ Assuming that the Department was notified of petitioner's conviction within a reasonable period of time after the court action, the Department was then required to revoke the license. The purpose of this provision is to remove the impaired driver from the highway as soon as possible. The Department may not wait a year to revoke a driver's license. In the instant case, the petitioner presumably had the opportunity to drive for the six months between sentencing on 12 December 1983 and 7 June 1984, when he was to begin his sentence. Since petitioner was found guilty on 12 December 1983, the suspension should have begun after the right of appeal had expired. Had this been done, petitioner's revocation would have run and petitioner's license been restored by the time the petition was filed in the Superior Court.

The matter is remanded to the Superior Court with directions that if there are no other impediments to the restoration of the petitioner's driving privileges, that the Court order the reinstatement of petitioner's license by the Department of Transportation.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.