586 P.2d 210

**The STATE of Arizona, Plaintiff-Appellant,**

v.

**1969 VOLKSWAGON BUS, VIN 239199800, 1977 WYOMING LICENSE NO. 2365J, Defendant-Appellee.**

**No. 2 CA–CIV 2865.**

Court of Appeals of Arizona, Division 2.

Oct. 13, 1978.

Stephen D. Neely, Pima County Atty. by Richard L. Strohm, Deputy County Atty., Tucson, for plaintiff-appellant.

Jeffrey Blackman, Oracle, for defendant-appellee.

## OPINION

HATHAWAY, Judge.

Appellant instituted proceedings to have the appellee-vehicle forfeited to the state pursuant to A.R.S. Sec. 36–1041, et seq. A motion to suppress the marijuana found in the vehicle was granted by the trial court, thereby terminating the forfeiture action. This appeal followed:

On July 22, 1977, at 8:15 a. m., United Parcel Service in Tucson informed narcotics agent Novak that it had a suspicious package which was being claimed by the sender. According to UPS employees, there had been numerous telephone requests for the return of the package which had been unclaimed in Denver, its destination. It had been in transit for a week and a half, and the sender claimed that the package contained food. Two officers of the Tucson Police Department dog unit were summoned by Novak to the UPS office to determine whether the package contained

contraband. When they arrived, the officers and dogs were invited onto the premises by the UPS people. The dogs had been trained in signalling the presence of contraband in packages and had been extremely reliable in the past. Each dog was independently exposed to a random assortment of packages and each responded to the package in question indicating that it contained marijuana. The officers seized the package and took it to the Tucson Police Department because "we felt it was our responsibility to keep the package in our custody rather than leave it at the exposure of the people that may be passing through UPS". They informed Officer Bostick immediately as to what had occurred and he proceeded to obtain a search warrant for the package.

Officers Deacon and White returned to UPS with the package while Officer Bostick was at JP court procuring a search warrant. The officers were told that the claimant would be picking up the package at 9 a. m. When Bostick arrived with the warrant, White stationed himself outside the building in a patrol vehicle and the other officers remained in an office. When the clerk at the counter notified these officers that the claimant had picked the package up, they observed him exiting the building and getting into his car. Via police radio, they instructed White to stop the vehicle. The officers intended to make an arrest but not on the UPS premises because of the congestion and because UPS requested that they not do so. The vehicle was stopped several blocks away, the driver was arrested and served with the warrant. The package, which was on the front seat of the car, and the driver were taken to the police station where the package was searched, revealing three two-pound bricks of marijuana.

Prior to the date set for the forfeiture trial, appellee moved to suppress the marijuana on the grounds that (1) the initial "search" was invalid, (2) the search warrant was improperly executed, (3) the vehicle forfeiture would constitute cruel and inhuman punishment, and (4) the case of *In re 1972 Dodge Van, California License No. 247–FNB, VIN No. B11AE2U587244,* 24

Ariz.App. 337, 538 P.2d 766 (1975), decided by Division One of this court, required suppression of the evidence.

We need not address ourselves to the latter two grounds since a motion to suppress challenges only the constitutionality of obtaining of evidence by the state. *State v. LeLevier,* 116 Ariz. 37, 567 P.2d 783 (1977). The only question to be resolved by the trial court was the legality of the seizure and any defenses to forfeiture were not available in a suppression hearing. *Sate v. Keener,* 110 Ariz. 462, 520 P.2d 510 (1974).

We do not agree with appellee that the initial warrantless "search" was invalid because in fact there was no search. A common carrier such as UPS has the right to protect itself and not be an unwitting carrier of contraband. *State v. Fassler,* 108 Ariz. 586, 503 P.2d 807 (1972). When a common carrier has reason to believe a parcel contains contraband, it may search the parcel or call upon police officials to inspect the parcel or to seize the contraband when discovered by the carrier. *State v. Fassler,* supra. UPS cannot be faulted for taking self-protective measures and availing itself of the narcotics dogs loaned by the police department. The use of the dogs to detect the marijuana in the parcel under these circumstances did not constitute a search. *State v. Martinez,* 26 Ariz. App. 210, 547 P.2d 62 (1976), approved and adopted as the opinion of the Supreme Court, 113 Ariz. 345, 554 P.2d 1272 (1976).

The search warrant which was issued recited in pertinent part:

"YOU ARE THEREFORE COMMANDED in the daytime (or at any time of the day or night) to make immediate search of the premises consisting of a package addressed to LARRY BROWN, c/o NICK LOBATO the rest of the address is covered by the U.P.S. label; from KLAGMAN, 2212 So. Kolb, Tucson, Arizona 85712. Package is wrapped in brown wrapping paper w/scotch & masking tape. It measures 11/3/21½. located at United Parcel Service, 840 E. 18th Tucson, Arizona in the County of Pima, State of Arizo-

na, for the following property: . . . undetermined amount of marijuana . . ."

Appellee argued below that the search warrant only authorized a search of the parcel at the UPS premises and since it was not searched there, the subsequent search and seizure were unlawful. We do not agree.

A search warrant must describe with particularity the places and things to be searched. *State ex rel. Flournoy v. Wren,* 108 Ariz. 356, 498 P.2d 444 (1972). We agree with the state that the words "located at United Parcel Service, 840 E. 18th, Tucson, Arizona" merely describe the location of the package at the time the warrant was issued and did not require that the package be searched only on the UPS premises. The thrust of appellee's argument is that the police officers should have searched the package immediately and not wait until the claimant appeared in order to arrest him. We find no merit in such argument which would have frustrated the legitimate purposes of the police, i. e., seizure of the contraband *and* the arrest of the owner.

The suppression order is reversed and the cause remanded for further proceedings.

RICHMOND, C. J., and HOWARD, J., concur.