621 P.2d 279

**STATE of Arizona, Appellee,**

v.

**Paul Dennis BLY, Appellant.**

**No. 4958–PR.**

Supreme Court of Arizona,
En Banc.

Nov. 18, 1980.

Rehearing Denied Dec. 23, 1980.

Robert K. Corbin, Atty. Gen., Phoenix, by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Charles L. Weninger, Tucson, for appellant.

HAYS, Justice.

■ Appellant plead guilty to two counts of armed robbery, a class 2 felony, in violation of A.R.S. § 13–1904. Because appellant used a deadly weapon to commit his crimes, the range of sentencing available was prescribed by A.R.S. § 13–604(G). In determining whether to impose the presumptive term rather than the minimum or maximum sentence allowed, the trial judge looked to the aggravating and mitigating factors of A.R.S. § 13–702(C), (D) and (E). The trial judge did not find the evidence of mitigation sufficiently substantial to require that appellant be sentenced to less than the presumptive term and imposed concurrent sentences of 10.5 years. Appeal was taken to the Court of Appeals. *State v. Bly,* 127 Ariz. 374, 621 P.2d 283 (App.1980). Granting the Petition for Review, we vacate the opinion of the Court of Appeals and affirm the judgment of conviction and sentence.

Appellant would have us hold that double jeopardy and double punishment prohibitions prevent the legislature from considering an element of a crime more than once in exercising its authority to prescribe punishment for a single crime. We decline to do so.

The double jeopardy prohibition of the fifth amendment to the United States Constitution is enforceable against the states through the due process clause of the fourteenth amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). In *Brown v. Ohio,* 432 U.S. 162, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977), the Supreme Court said:

> [T]he Fifth Amendment double jeopardy guarantee serves principally as a restraint on courts and prosecutors. The legislature remains free under the Double Jeopardy Clause to define crimes and fix punishments; but once the legislature has acted courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial. (footnote omitted).

Appellant has been placed in jeopardy a single time for two offenses, both armed robbery. The plea of guilty and judgment of conviction have neither been set aside nor relitigated in any manner. Appellant has neither been convicted nor acquitted of any offenses necessarily included in the crime of armed robbery and we therefore feel that he has not been held to answer more than once for each offense of armed robbery.

Appellant argues that a single factor, use of a dangerous weapon, increased his sentence in four different ways, thereby constituting multiple punishments for the same act. Appellant maintains his sentence was increased in the following manner:

1. By raising the offense from robbery, A.R.S. § 13–1902, a class 4 felony, to armed robbery, A.R.S. § 13–1904, a class 2 felony;

2. By making a prison term mandatory, A.R.S. § 13–604(G);

3. By using the fact as an aggravating circumstance to be weighed against mitigating factors, A.R.S. § 13–702;

4. By making parole unavailable until ⅔ of the sentence has been served rather than ½ the sentence pursuant to A.R.S. § 41.1604.06(D).

■ It is the public policy of this state, as reflected by the criminal code, to condemn, correct, or deter transgressions which harm either individual or public interests. A.R.S. § 13–101. Power resides with the legislature to define that conduct which will not be tolerated in an ordered society and to provide punishment for those who violate public policy. *State v. Patton,* 120 Ariz. 386, 586 P.2d 635 (1978); *State v. Hickey,* 114 Ariz. 394, 561 P.2d 315 (1977).

■ Within perimeters set by our federal and state constitutions, the roles of the courts, penal institutions, and parole authorities are defined by the legislature. *State v. O'Donnal,* 110 Ariz. 552, 521 P.2d 984 (1974). The legislature, having determined what punishment is appropriate for a given crime, leaves to the judiciary the exercise of a certain amount of discretion in

fitting punishment to the circumstances of the particular crime and the individual defendant. *State v. Patton, supra; State v. O'Donnal, supra.* Unless the punishment is so severe as to be disproportionate to the crime, *see State v. Mulalley*, 127 Ariz. 92, 618 P.2d 586 (1980), the judiciary has discretion only to the extent provided by the legislature.

Sentencing is presently designed to exact certain retribution. While formerly the penal philosophy had been to tailor the sentencing decision to fit the circumstances of an individual defendant, ostensibly to maximize rehabilitation, it is now public policy "[t]o impose just and deserved punishment on those whose conduct threatens the public peace." A.R.S. § 13–101(6).

Our legislature has abandoned the indeterminate sentencing policy found in previous enactments of the criminal code for a policy of presumptive sentencing with a narrow range of deviation available to account for unusual aggravating or mitigating circumstances. A.R.S. §§ 13–601 to –604, –701 to –703. In order to effectuate that end, the criminal code classifies crimes by placing them in groups of similar severity and establishing a presumptive sentence for each group of crimes. The decision to deviate from the presumptive sentence by weighing unusual aggravating or mitigating circumstances is left to judicial discretion.

Instead of including a particular sentence for a given offense in the statute defining the elements of the crime, each offense is placed in a group of crimes which the legislature deems to be of similar severity. The presumptive sentence for that particular class of crimes is to be imposed on the vast majority of first offenders who commit the crime. To determine the punishment for each class of crimes, a number of legislative decisions were necessary: What is the appropriate length of sentence? Should probation be an option? What range of sentence should be available for unusual aggravating or mitigating circumstances? When should the defendant be eligible for parole? The answers to these questions are found in the sentencing provisions of the criminal code and the answers are drawn in such a way as to make the sentencing decision more certain and more uniform.

The legislature, in addition to reducing disparity and inconsistency in sentencing, has identified another serious problem it seeks to correct: the use of a deadly weapon or dangerous instrument in the commission of crime. No matter what the crime, the potential for serious bodily injury or loss of human life arises when a crime is committed with a dangerous weapon. The crime itself is more reprehensible and for that reason a crime committed with a dangerous weapon or instrument shall be punished more severely than one which is not. We think the legislature's power to define crime and prescribe punishment includes enhanced sentencing, as in A.R.S. § 13–604(G), for use of a dangerous weapon. *State v. Church*, 109 Ariz. 39, 504 P.2d 940 (1973); *State v. Herkshan*, 105 Ariz. 394, 465 P.2d 587 (1970).

In order to exercise its discretion to deviate from the presumptive sentence, the judiciary is directed by A.R.S. § 13–604(G) to look to the aggravating and mitigating factors of A.R.S. § 13–702(C), (D) and (E). An aggravating factor in A.R.S. § 13–702(D) is use of a deadly weapon which appellant argues is double punishment because the deadly weapon has already triggered the enhancement provisions of A.R.S. § 13–604.

By applying the enhanced sentencing provisions we find that the range of sentence available for a first-time, dangerous class 2 offender is 7 to 21 years, with 10.5 years as the presumptive sentence. Use of a dangerous weapon as an aggravating circumstance does not expose appellant to additional punishment beyond the enhanced sentence. It is only within the range provided for dangerous class 2 felonies that the trial judge may consider the aggravating and mitigating circumstances. Under § 13–604(G), the range of sentence required when a gun is present is not a decision within the discretion of the trial judge; however, under § 13–702(D)(2), the quality and circumstances of the act committed

373

with the gun may be considered, such as, did the manner of using the gun put others in great fear or danger. The quality of the act, as aggravation, will never subject the defendant to punishment greater than that provided in the enhanced sentencing provisions and is not double punishment.

If the presence of a deadly weapon, as an element of the crime or otherwise, moves the legislature to impose more severe punishment for the offense, we must abide by the legislative determination. *State v. Church, supra; State v. Herkshan, supra.* The punishment may be severe and it may be a single element of the crime which mandates the legislative decision to make probation unavailable and a minimum prison term mandatory, but that does not mean a defendant is being punished time and time again for a single act. It merely defines a single harsh punishment for a single severe crime.

■ The legislature, in one statute, could have defined armed robbery and made it punishable by a mandatory prison term of 50 years without possibility of parole until ⅔ of the sentence is served. Appellant implies that our current sentencing system is grotesque and bewildering. While the legislature has chosen a complex, multiple-step process to determine the particular sentence for a given crime, the process is not constitutionally infirm and we will not offer a "literary critique" of the legislature's efforts. *May v. Sumner,* 622 F.2d 997 (9th Cir. 1980).

■ Finally, appellant contends the allegation of dangerousness was improperly brought because it was not part of the indictment. Since A.R.S. § 13–604(K) permits the allegation of dangerousness to be filed at any time prior to trial, we find no error. Appellant also maintains the trial court erred in its finding of aggravating circumstances. When the presumptive sentence is imposed, A.R.S. § 13–702(C) does not require that special findings be set forth in the record to support the sentence; therefore, the technical irregularity does not require resentencing.

The judgment of conviction and the sentence are affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.