703 P.2d 544

**Dennis T. CARLSON,**
**Plaintiff/Appellee,**

v.

**ARIZONA DEPARTMENT OF TRANSPORTATION; William Ordway, the Director thereof; and Juan Martin, the Director of the Motor Vehicles Division thereof, Defendants/Appellants.**

No. 2 CA–CIV 5030.

Court of Appeals of Arizona, Division 2, Department A.

May 8, 1985.

Wallace R. Hoggatt, Tucson and James B. Greenwood, Bisbee, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen. by Samuel Ruiz, Phoenix, for defendants/appellants.

## OPINION

FERNANDEZ, Judge.

On January 2, 1981, appellee was convicted in the Lowell Justice Court in Cochise County of violating A.R.S. § 28–692. On April 26, 1983, he pled guilty in the same court as part of a plea bargain to violating A.R.S. § 28–692. The plea agreement provided that appellee would not be charged with the prior offense, and the parties agreed that the court would suspend appellee's driver's license for 90 days. Pursuant to the plea, the justice of the peace sent appellee's license to the appellant, who suspended the license for 90 days in accordance with the court order. Later, after receiving the record from the court of the 1983 conviction as required by A.R.S. § 28–444 and before the expiration of the 90-day suspension, appellant revoked the appellee's driver's license for one year pursuant to A.R.S. § 28–445.

Appellee filed a special action in superior court seeking a ruling that the 90-day suspension imposed pursuant to A.R.S. § 28–692.01 was controlling and that appellant could not impose the sanctions mandated by A.R.S. § 28–445. The court voided the revocation and ordered appellant to return the license to appellee. Appellant appeals from that order, and we have jurisdiction pursuant to Rule 8, Rules of Procedure for Special Actions, 17A A.R.S.

We must decide whether, under A.R.S. § 28–445, appellant is authorized to revoke the license of a motorist who has been twice convicted of violating A.R.S. § 28–692 according to appellant's official records, regardless of whether the motorist has been charged with the prior conviction under A.R.S. § 28–692.01(E). We find the lower court was in error and reverse.

The records of appellant show that appellee was convicted of violating A.R.S. § 28–692 in January 1981 and again in April 1983. The applicable portions of the two statutes involved as they existed in April 1983 are as follows:

"§ 28–692.01(B) A person who is convicted of a violation of § 28–692 is guilty of a class 1 misdemeanor.... In addition, the judge shall require the surrender to him of any operator's or chauffeur's license of the convicted person and shall forward the license to the department with the abstract of conviction, together with an order of the court suspending the driving privileges of the person for a period not less than ninety days. The department upon receipt of the license, abstract of conviction and order shall suspend the driving privilege of such person for the period of time ordered by the judge...."

"§ 28–445 The department shall, in addition to the grounds for mandatory revocation provided for in the uniform act regulating traffic on highways, forthwith revoke the license of an operator or chauffeur upon receiving a record of the operator's or chauffeur's conviction of any of the following offenses, when the conviction has become final:

\*    \*    \*    \*    \*    \*

"6. Conviction, or forfeiture of bail not vacated, upon a second or subsequent charge of violating § 28–692, reckless driving, racing on highways, or any combination thereof not arising out of the same event, committed within a period of thirty-six months."

Appellee contends that appellant must follow the court's suspension of 90 days imposed pursuant to A.R.S. § 28–692.01(B) and that it has no legal authority to revoke or suspend on its own, on the theory that there was no final conviction of a second offense because the plea agreement was for conviction of a first offense. Appellee also argues that the court must have impliedly concluded that the 1981 conviction was invalid pursuant to A.R.S. § 28–692(D). We do not agree with these contentions.

It appears that the plea bargain resulted in an agreement not to allege the prior conviction and in the appellee being sentenced as a first offender DUI. There was no finding by the court that the prior conviction was invalid for any reason.

The recent case of *Loughran v. Superior Court*, 145 Ariz. 56, 699 P.2d 1287 (1985), which held that revocation of a driver's license by the Motor Vehicles Division is a civil and administrative remedy separate and apart from the criminal penalties imposed under A.R.S. § 28–692.01, is dispositive of this case. The court noted that the revocation by the Department of Transportation serves to protect the public from impaired drivers and is not aimed at punishing the license holder.

The court in *Loughran* also indicated that the Department of Transportation was not bound by a plea agreement unless it was a party to the agreement. That was also the case here. The suspension by the court pursuant to the plea agreement thus had no effect on the authority of the Motor Vehicles Division under A.R.S. § 28–445.

Appellant's records in this case clearly show two convictions within the time period in question and show a timely revocation while the suspension was still in effect. The fact that, by virtue of a plea bargain, appellee was able to have the second conviction treated as a first offense for sentencing purposes does not affect appellant's mandatory obligations under A.R.S. § 28–445. *Loughran v. Superior Court*, supra; *Campbell v. Superior Court*, 111 Ariz. 71, 523 P.2d 502, *cert. denied*, 419 U.S. 1055, 95 S.Ct. 637, 42 L.Ed.2d 652 (1974).

The parties have cited cases from other jurisdictions which we find involve statutory provisions that are different from ours. They are thus inapplicable.

Reversed and remanded for proceedings in accordance with this opinion.

BIRDSALL, P.J., and HOWARD, J., concur.