722 P.2d 371

**Jack L. BADE, Plaintiff-Appellee,**

**v.**

**ARIZONA DEPARTMENT OF TRANSPORTATION, MOTOR VEHICLE DIVISION; Driver's License Group, Juan Martin, Director Arizona Department of Transportation, Defendants-Appellants.**

**No. 1 CA–CIV 8225.**

Court of Appeals of Arizona,
Division 1, Department C.

March 18, 1986.

Review Denied July 15, 1986.

Richard M. Gerry, P.C. by Richard M. Gerry, Phoenix, for plaintiff-appellee.

Robert K. Corbin, Atty. Gen. by Joe Acosta, Jr., Asst. Atty. Gen., Transp. Div., Phoenix, for defendants-appellants.

## OPINION

HAIRE, Judge.

The primary issue in this appeal is whether the superior court properly enjoined the Arizona Department of Transportation (Department) from revoking the driver's license of appellee, Jack Bade (Bade).

Bade was previously convicted in 1983 of driving while under the influence of intoxicating liquors. Thereafter, on July 20, 1984, he was again convicted on a subsequent offense of driving while under the influence. Under the terms of a plea agreement relating to the subsequent offense, an allegation of Bade's prior (1983) conviction of driving while intoxicated was dropped, and the trial judge suspended Bade's driver's license for 30 days and restricted his driving privileges for an additional 60 days.

Having received notice of two convictions, the Department revoked Bade's license from July 20, 1984 until July 20, 1985 for having been convicted twice of violating A.R.S. § 28-692 within a period of 36 months. Bade requested a hearing before the Department, and his request was denied. He then filed a complaint for special action with the superior court. At the conclusion of the special action proceeding, the superior court permanently enjoined the Department from revoking Bade's license, and granted Bade his attorney's fees, stating that the revocation "would be contrary to the terms of the plea agreement...."

Although the briefs in this appeal were filed after the issuance of the Arizona Supreme Court's decision in *Loughran v. Superior Court*, 145 Ariz. 56, 699 P.2d 1287 (1985), the trial court's judgment was entered prior to *Loughran*. We will discuss the *Loughran* decision before proceeding with a discussion of the arguments advanced by Bade in support of the trial court's judgment. The facts show that Loughran was placed on probation for two years and sentenced to two concurrent six month terms in prison, for violation of A.R.S. §§ 28-692, and 28-692.02. In the plea agreement concerning Loughran's convictions, the allegation of a prior conviction for violation of A.R.S. § 28-692 was dismissed. Slightly over one year after Loughran's sentence was imposed, the Department notified him that his license was revoked for a one year period, commencing on the date of notification and continuing for a period of one year, pursuant to A.R.S. § 28-445.

In arriving at its final decision that Loughran's license was improperly revoked under A.R.S. § 28-445, the Arizona Supreme Court first held that, without the permission of the Department, the county attorney had no authority to bargain away by plea agreement the Department's right to revoke Loughran's license pursuant to A.R.S. § 28-445. However, the court refused to allow the Department to revoke Loughran's license because the revocation had not been made "forthwith" as required by the statute. Within this context, we now consider the contentions raised by Bade in support of the trial court's judgment in this case.

Bade's first contention is that the judgment enjoining the revocation of his license should be upheld because the county attorney had "ostensible" authority to bind the Department by bargaining away the Department's right (and duty) to revoke Bade's license. The essence of this contention is that even a thorough investigation of the appropriate statutory and common law authorities would not have given notice to a reasonable person that the county attorney's office did not have the right to bargain away the Department's license revocation authority. Bade also points out that his plea agreement expressly set forth certain civil penalties which were not to be precluded by the agreement, and urges that a reasonable conclusion would be that other civil penalties not set forth, such as the Department's revocation authority, would be precluded. From this premise

Bade urges that the state negligently allowed him to rely upon the county attorney's "ostensible" authority to bind the Department.

■ We need not consider the merits of this contention, since in *Loughran* the Arizona Supreme Court has expressly ruled that the county attorney had no such authority. This court is bound by a decision of the Arizona Supreme Court and has no authority to overrule or disregard it. *See McKay v. Industrial Commission*, 103 Ariz. 191, 438 P.2d 757 (1968).

■ Bade next contends that the state cannot impose a civil penalty of revocation, knowing that his prior conviction was constitutionally invalid. The first facet of Bade's argument under this contention is that because of the dropping of the prior conviction allegation, he has never been convicted of a "DWI with a prior conviction," and accordingly, the Department did not have the statutory authority to revoke his license. We conclude that a holding that a prosecutor may prevent the statutorily required departmental revocation by the simple expedient of failing to allege, or, as in this case, dropping the allegation of a prior conviction, would be contrary to the basic rationale of *Loughran.* We agree with Division 2's express holding on this point. After a second conviction within the statutory period, the Department may revoke the violator's license, regardless of whether the charge for the second violation contains an express allegation of a prior conviction. *See Carlson v. Arizona Department of Transportation*, 145 Ariz. 600, 703 P.2d 544 (1985).

■ The second facet of Bade's argument under this issue has some legal merit, but the record before this court furnishes inadequate support for the argument. We do not question that if Bade's prior conviction had been found to be invalid, it would be a violation of Bade's rights to allow the Department to proceed with the revocation of his license. However, the record in the superior court special action proceeding merely shows that in the plea agreement the prosecutor agreed to drop the allegation of the prior conviction "due to clear factual defects." There is nothing in the record to show that the trial judge in the criminal prosecution involving the second DWI conviction, or the trial judge in the special action proceeding, ever considered or ruled upon the constitutional validity of the first conviction.[1] Nor, can we accept Bade's contention that since the trial court accepted the plea agreement, there was an implied finding of invalidity. *See Carlson, supra.* Here, the burden was upon Bade to show that the first conviction had been properly set aside as invalid, and he has failed to do so.

■ We now consider Bade's contention that the revocation must be set aside because of the Department's delay in notifying him of the revocation of his license. Bade was convicted on July 20, 1984, and his conviction became final on July 30, 1984, pursuant to Rule 30.2, Arizona Rules of Criminal Procedure. The Department's notice of revocation to Bade was dated September 25, 1984, and retroactively revoked his license commencing July 20, 1984 until July 20, 1985. On the basis of *Loughran*, Bade argues that the Department did not "forthwith" revoke his license, relying upon the delay of approximately two months in notifying him of the revocation after his conviction became final.

Although we would not normally address Bade's argument because it is raised for the first time on appeal, we do so here because the decision upon which the contention is based, the *Loughran* decision, was filed after the completion of the trial court proceedings.

In *Loughran*, the Arizona Supreme Court refused to allow the revocation of Loughran's license because the revocation was not timely made. The court stated:

"In the instant case, the petitioner presumably had the opportunity to drive for

---

1. We express no opinion as to whether the prior conviction could have been collaterally attacked in the special action proceeding or in the criminal proceeding involving the second conviction.

the six months between sentencing ... and ... when he was to begin his sentence.... [T]he suspension should have begun after the right of appeal had expired. Had this been done, petitioner's revocation would have run and petitioner's license been restored by the time the petition was filed in the Superior Court." 145 Ariz. at 59, 699 P.2d at 1290.

In contrast, in the case at hand Bade was not prejudiced by the Department's action. The Department did not delay the commencement of the period of revocation of Bade's license; it merely delayed notifying Bade about that revocation. The Department revoked Bade's license for the minimum statutory period of one year, pursuant to A.R.S. § 28-402(2), commencing upon his conviction. While the public interest might have been better served by prompt notification, Bade could not have suffered any prejudice from the delay, since the expiration date for the one year revocation period was not extended by the Department's action. Accordingly, we find no reason to set aside the Department's order based upon its delay in notifying Bade of the revocation.

Having found no error, we reverse the superior court's order enjoining the Department from revoking Bade's license and remand this case for proceedings consistent with this decision. Since we have reversed the judgment entered in Bade's favor, we also reverse the superior court's order awarding Bade attorney's fees. Therefore, we do not address the question of whether the award of attorney's fees against the state would have been precluded by the provisions of A.R.S. § 12-348(G)(2).

Nothing we say in this decision is intended to preclude Bade from pursuing any remedy which might be available to him for the purpose of invalidating his second conviction pursuant to the principles set forth in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), or from attacking the constitutional validity of his first conviction in a proceeding appropriate for that purpose.

The judgment is reversed and the matter is remanded for proceedings consistent with this decision.

EUBANK, P.J., and SHELLEY, J., concur.