769 P.2d 1010
**STATE of Arizona,
Appellant/Cross–Appellee,**

v.

**Ernest ORDUNO,
Appellee/Cross–Appellant.**

**No. CR–87–0271–PR.**

Supreme Court of Arizona,
En Banc.

Jan. 10, 1989.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt, Jr., Deputy County Atty., Phoenix, for appellant/cross-appellee.

George M. Sterling, Jr., Phoenix, for appellee/cross-appellant.

MOELLER, Justice.

## JURISDICTION

Ernest Orduno (defendant) was charged with and found guilty of the class 5 felony offense of driving while under the influence of intoxicating liquor (DUI) with a suspended, cancelled, revoked, or refused operator's license. The jury found the DUI to be a "dangerous offense" for sentence enhancement purposes under A.R.S. § 13–604. The trial court entered a post-trial judgment of acquittal on the allegation of dangerousness and placed defendant on probation with six months in prison as a condition of probation. On appeal by the state, the court of appeals reinstated the finding of dangerousness and remanded the case to the trial court for resentencing. We granted review to determine whether the operation of a motor vehicle in a DUI case may also be considered the use of a dangerous instrument for sentence enhancement purposes under A.R.S. § 13–604(F). We have jurisdiction pursuant to article 6, § 5(3) of the Arizona Constitution and Ariz.R.Crim.P. 31.19, 17 A.R.S.

## TRIAL COURT PROCEEDINGS

Defendant was charged with two related class 5 felonies: count I, driving while under the influence of intoxicating liquor, and count II, driving with a blood alcohol content over .10 percent, both offenses allegedly committed while defendant had a suspended, cancelled, revoked, or refused operator's license. Count II is not involved in this appeal and need not be mentioned further. The state filed an allegation of dangerousness under A.R.S. § 13–604 alleging that the DUI involved the use or exhibition of a "deadly weapon or dangerous instrument, to wit: a motor vehicle."

At the close of the state's case, the court denied defendant's Rule 20 motion for judgment of acquittal on the dangerousness allegation. The defendant renewed the motion at the close of all the evidence; it was again denied. The trial court submitted the issue of dangerousness to the jury under the following instructions:

A dangerous offense is an offense which involved the use or exhibition of a dangerous instrument.

"Dangerous instrument" means anything that, under the circumstances in which it is used, is readily capable of causing death or serious physical injury.

The jury found the defendant guilty of DUI and found the DUI to be a dangerous offense.

Prior to sentencing, the trial court set aside the jury finding of dangerousness, reasoning that, under the circumstances, the defendant's driving had not placed anyone in danger beyond the danger inherent in driving while intoxicated. Accordingly, the court sentenced the defendant under the DUI statutes and disregarded the dangerousness allegation and finding.

## COURT OF APPEALS DECISION

On appeal by the state, the court of appeals reinstated the finding of dangerousness. The court stated that, although no one was in fact injured by defendant's driving, his driving had put people, businesses, and other vehicles at risk of being injured. The court noted defendant's failure to respond to the police officer's emergency lights and his blood alcohol reading of .19 percent. It quite properly observed that A.R.S. § 13–604(F) and (G) do not require that a specific victim be killed or injured or nearly killed or injured for an underlying felony to be found to be dangerous. The court of appeals found that every individual "out and about" at the time and place of defendant's driving was a potential victim, as were the defendant himself and the arresting officer. Thus, the court concluded that the state had permissibly alleged, and the jury had permissibly found, dangerousness. It reinstated the finding of dangerousness and remanded for resentencing.

## QUESTION PRESENTED

Does the operation of a motor vehicle in a DUI case also constitute the use of a dangerous instrument under A.R.S.

§ 13–604(F) so as to enhance the DUI penalty?

## DISCUSSION

A.R.S. § 13–604(F) and (G) provide for enhanced punishment for felonies committed under certain aggravating circumstances. One of those circumstances is when a "dangerous instrument" is used in the commission of the felony. A "dangerous instrument" is "anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury." A.R.S. § 13–105(8) (formerly A.R.S. § 13–105(7)).

■ The state contends that the dangerous instrument that permits defendant's DUI sentence to be enhanced is the motor vehicle he was driving while committing the DUI offense. We agree that, under certain circumstances, an automobile may be considered a dangerous instrument for purposes of A.R.S. § 13–604(F) and (G). *See, e.g., State v. Woodall,* 155 Ariz. 1, 744 P.2d 732 (App.1987) (second degree murder); *State v. Cocio,* 147 Ariz. 277, 709 P.2d 1336 (1985) (manslaughter); *State v. Venegas,* 137 Ariz. 171, 669 P.2d 604 (App. 1983) (second degree murder); *State v. Carrillo,* 128 Ariz. 468, 626 P.2d 1100 (App. 1980) (aggravated assault). *See also,* Annotation, *Automobile as Dangerous or Deadly Weapon within Meaning of Assault or Battery Statute,* 89 A.L.R.3d 1026. However, in each of these Arizona cases in which the court enhanced a defendant's sentence because he used a car as a dangerous instrument, the use of the car was not an element of the underlying offense and the aggravated offense could have been committed with a different dangerous instrument, such as a gun or knife.

In the present case, the state does not seek to enhance punishment because the defendant committed the offense with a dangerous instrument that happened to be a motor vehicle. Rather, the state is seeking to use an essential and necessary element of the crime with which defendant is charged, i.e., the operation of a motor vehicle, as the sole factor to enhance his sentence under A.R.S. § 13–604(F). This approach does not withstand analysis.

We agree with the trial judge and the court of appeals that every drunk driver poses a danger by virtue of the damage he can cause with the vehicle under his control. A motor vehicle in the hands of a drunk driver is, by definition, a dangerous instrument. The danger which drunk drivers pose to society has led our legislature to impose severe penalties for driving while intoxicated. *See* Executive Order No. 84–1, dated Feb. 23, 1984. Every DUI case involves the operation of a dangerous instrument, including DUI cases which are not felonies and which do not, therefore, fall within the enhanced sentencing provisions of A.R.S. § 13–604(F).

■ The clear intent of A.R.S. § 13–604(F) and (G) is to enhance sentencing when the use of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury *increases* the seriousness and dangerousness of the underlying crime. When crafting the penalties for DUI offenses, the legislature well understood that the dangerous use of a motor vehicle was involved. It could not have intended that identical DUIs be punished differently depending on the whim of a particular jury panel. To permit a jury to differentiate between "non-dangerous DUIs" and "dangerous DUIs" would lead to arbitrary and capricious results, because, in fact, all DUIs are, and necessarily must be, dangerous. We know of no way to fashion jury instructions to provide appropriate guidance to a jury when it is abundantly clear that there is no such thing as a "non-dangerous DUI."

The construction we today place on the applicable statutes avoids what we perceive to be serious practical as well as constitutional problems inherent in the court of appeals' approach. We limit our holding to a determination of the proper interplay between the "dangerous instrument" language of A.R.S. § 13–604 as applied to a motor vehicle in a DUI case. In doing so, we recognize that we have held that there is no double jeopardy or double punishment

prohibition against using one object, such as a gun, both to upgrade the degree of a crime and to enhance punishment. See *State v. Tresize*, 127 Ariz. 571, 623 P.2d 1 (1980) (not double jeopardy to use a deadly weapon both to classify the crime as a more serious felony and to enhance the sentence); *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980) (not double jeopardy or double punishment to consider an element of the crime for more than one purpose when determining punishment); *State v. Rodriguez*, 126 Ariz. 104, 612 P.2d 1067 (App.1980) (aggravated assault; not double punishment for gun to support both underlying crime and enhanced sentence). Although other distinctions might also apply, at this point it is sufficient to note that in none of those earlier cases was the sentence enhancing factor a *necessarily* included element of the underlying felony. In the instant case, there is no need to reach a double jeopardy or double punishment issue because the statutes, properly construed, do not present any such issue.

In the DUI context, we hold that the motor vehicle the defendant is convicted of operating while intoxicated cannot also be characterized as a "dangerous instrument" under A.R.S. § 13–604 for sentence enhancement purposes.

## DISPOSITION

The memorandum decision of the court of appeals is vacated. The trial court's judgment of conviction and sentence are affirmed.

GORDON, C.J., FELDMAN, V.C.J., CAMERON, J., and HOLOHAN, J. (Retired), concur.