821 P.2d 174

**STATE of Arizona, ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Norman D. HALL, Jr., Judge of the Superior Court of Maricopa County, Respondent Judge.**

**Joseph Frank MILLER, Real Party in Interest.**

**No. 1 CA–SA 90–189.**

Court of Appeals of Arizona, Division 1, Department D.

Nov. 8, 1990.

Review Granted June 25, 1991.

Grant of Review Vacated, Review Denied Nov. 21, 1991.

Richard M. Romley, Maricopa County Atty. by H. Allen Gerhardt, Deputy County Atty., Phoenix, for petitioner.

Dean W. Trebesch, Maricopa County Public Defender by James J. Haas, Deputy Public Defender, Phoenix, for real party in interest.

OPINION

KLEINSCHMIDT, Judge.

This case arises out of the trial court's dismissal of an allegation that the charge of aggravated assault was a dangerous offense pursuant to A.R.S. section 13–604(G). The state brought this special action to require the trial court to reinstate the allegation of dangerousness. We accepted jurisdiction, granted relief, and indicated that this opinion would follow. We decide that the state is entitled to allege that the crime is a dangerous offense because the law on this issue has been so long settled in favor of the state, and because the application of *State v. Orduno*, 159 Ariz. 564, 769 P.2d 1010 (1989), upon which the respondent relied in the trial court, is restricted to DUI cases. For reasons which we discuss below, however, we believe that some of the cases on which the state relies are flawed, and that the precise question raised by this case may be worthy of further consideration by the supreme court.

During a traffic altercation, the defendant fired a gun and the bullet struck the victim's truck. The defendant was charged with one count of aggravated assault, a Class 3 felony. Subsequently, the state filed an allegation pursuant to A.R.S. section 13–604(G) that the crime was a dangerous offense.

Notwithstanding that in *State v. Rodriguez*, 126 Ariz. 104, 612 P.2d 1067 (App. 1980), this court decided the identical point against the defendant, the trial court granted the defendant's motion to dismiss the allegation of dangerousness. In *Rodriguez*, the defendant pled guilty to two counts of aggravated assault committed with a gun, a dangerous offense. His argument was succinctly characterized by the court:

> The defendant argues that as to Count Three, there was no evidence to support an aggravated assault other than the fact a gun was used in the crime. Therefore, with respect to Count Three, the fact used to establish the aggravated assault is the same fact used to establish the dangerous nature of the offense. When you exclude the fact (use of a gun) necessary to establish the aggravated assault under A.R.S. § 13–1204, there is nothing left to base a charge under A.R.S. § 13–604(G) (dangerous offender).

126 Ariz. at 106, 612 P.2d at 1069.

We concluded that this argument, which was based on a claim that the use of the allegation of dangerousness was a form of double punishment, was not persuasive. We observed that an aggravated assault may be accomplished without the use of a gun, and we believed that the legislature intended to authorize an increased punishment under A.R.S. section 13–604(G) when a gun is used.

In granting the motion to dismiss the allegation of dangerousness, the trial court apparently relied on the recent case of *State v. Orduno*, in which the supreme court held that in a DUI case it was impermissible for the state to allege that the offense was a dangerous one based on the fact that the defendant had committed the offense with a dangerous instrument—a motor vehicle. The court reasoned that the use of the motor vehicle was an essential element of the crime of driving while under the influence. *Orduno*, 159 Ariz. at 566, 769 P.2d at 1012. It said that the clear intent of A.R.S. section 13–604(G) was to enhance sentencing when the use of a deadly weapon or dangerous instrument increases the seriousness and dangerousness of the underlying crime. *Id.* It concluded that when considering the penalty for DUI, the legislature obviously knew that the dangerous use of a motor vehicle was involved, and it could not have intended that identical DUIs be punished differently depending on the whim of a particular jury panel. *Id.*

There are two reasons why we do not believe that *Orduno* dictates a change in the law as laid down in *Rodriguez*. First, the supreme court specifically discussed *Rodriguez* and inferentially approved the holding in that case. *Orduno*, 159 Ariz. at 567, 769 P.2d at 1013. The court distinguished *Rodriguez* with the observation that the sentence enhancing factor in that case was not an essential element of the underlying offense. *Id.*

Second, we believe that *Orduno* does not change the result announced in *Rodriguez* because the supreme court, in *Orduno*, emphatically declared that its holding applied *only* to DUI cases. The court said, "We limit our holding to a determination of the proper interplay between the 'dangerous instrument' language of A.R.S. § 13–604 applied to a motor vehicle *in a DUI case*." 159 Ariz. at 566, 769 P.2d at 1012 (emphasis added). The court continued, "*In the DUI context*, we hold that the motor vehicle the defendant is convicted of operating while intoxicated cannot also be characterized as a 'dangerous instrument' under A.R.S. § 13–604 for sentence enhancement purposes." *Id.* at 567, 769 P.2d at 1013 (emphasis added).

Our conclusion is consistent with the decision reached by another panel of this court which considered a similar argument in a slightly different context. *See State v. Garcia*, 165 Ariz. 547, 799 P.2d 888 (App. 1990).

Yet, we harbor a concern about this issue. *Orduno* distinguished *Rodriguez*, the case that is on all fours with the one before us, with the observation that the sentencing enhancing factor in *Rodriguez* was not an element of the offense charged in that case. It may be, however, that *Rodriguez*

is too broadly written. A Class 3 aggravated assault is an assault that is committed with a deadly weapon or dangerous instrument or one that causes serious physical injury. A.R.S. § 13–1204(A)(1), (2) and (B). Under A.R.S. section 13–604(G), an offense is "dangerous" if it involves the use or exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury. The relevant question under *Orduno* is: is it possible to commit a Class 3 aggravated assault without at the same time engaging in some conduct which is defined as "dangerous" under A.R.S. section 13–604(G)? The answer to this is, "Yes, in some cases."

For example, one could assault another with his fists and cause serious injury. That could be a Class 3 aggravated assault. If, during that same assault, the defendant brandished a weapon, the state, on that basis alone and without reference to the fact that serious injury had been inflicted, could allege that the offense was dangerous within the meaning of A.R.S. section 13–604(G). Such an assault, if done while displaying a weapon, would be even more serious and could properly be the subject of enhanced punishment for the commission of a dangerous offense.

But, what if, as in this case, the only way that the state can allege that the aggravated assault is a Class 3 felony is because a deadly weapon was used, and the only thing that will support the allegation that the crime was dangerous was the use of that same deadly weapon? Does that not offend the principle of *Orduno?* Given the posture of the cases, we believe that this is a question best resolved by the supreme court should that court think it necessary to do so.

We reaffirm our order accepting jurisdiction and granting relief.

CLABORNE and McGREGOR, JJ., concur.