830 P.2d 842

**STATE of Arizona, Appellee,**

v.

**Clarence Dene MALONE, Appellant.**

**No. 1 CA–CR 89–1077.**

Court of Appeals of Arizona, Division 1, Department E.

March 28, 1991.

Review Granted June 27, 1991.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Crim. Div., and Crane McClennen, Asst. Chief Counsel, Crim. Div., Phoenix, for appellee.

Hart & Associates by James R. Hart, II, Tempe, for appellant.

## OPINION

CLABORNE, Judge.

Counsel for appellant filed this appeal in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), and has asked this court to search the record for fundamental error. *See* A.R.S. § 13–4035; *State v. Powell*, 5 Ariz.App. 51, 423 P.2d 127 (1967). The appellant has been given an opportunity to file a supplemental brief *in propria persona*, but has failed to do so.

Appellant was charged by indictment with armed robbery, a class 2 felony [1]; kidnapping, a class 2 felony; and, aggravated assault, a class 3 felony. The state alleged that appellant had two prior felony convictions, that the crimes were dangerous and that appellant committed the offenses while on parole, work furlough or other temporary release. The state also filed allegations of prior convictions pursuant to *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980).

Following a jury trial, the appellant was found guilty of armed robbery and kidnapping, both dangerous crimes. The jury also found that the state's allegation of prior felony convictions was true.

■ The trial court entered its judgment of guilt and sentenced appellant to two concurrent twenty-one year sentences. As aggravating factors, the trial court listed appellant's prior felony convictions and the use of a deadly weapon.[2]

■ After a review of the record, the parties were ordered to provide this court with a brief addressing the following issue: Is it double punishment, or more, for the court to use the same factor of a weapon as a basis for (1) aggravating the crime of robbery; (2) an allegation of dangerousness; and (3) aggravation in sentencing?

The dissent takes the position that the use of the same weapon to establish both dangerousness and an aggravating factor constitutes double punishment. In *State v. Bly*, our supreme court held that it was not double punishment to consider an element of a crime for more than one purpose when determining the appropriate sentence. 127 Ariz. 370, 373, 621 P.2d 279, 282 (1980).

In *Bly*, the defendant argued that he was subjected to multiple punishment for the same act because the use of a dangerous weapon increased his sentence by raising the offense from robbery to armed rob-

---

1. Robbery is defined in three ways by our statute. Each type of robbery requires certain elements.

   A.R.S. § 13–1902 defines the basic crime as follows:

   A. A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

   A violation of § 13–1902 provides a class 4 felony penalty.

   Aggravated robbery requires an additional element. A.R.S. § 13–1903(A) provides:

   A. A person commits aggravated robbery if in the course of committing robbery as defined in § 13–1902, such person is aided by one or more accomplices actually present.

   Aggravated robbery is a class 3 felony.

   Armed robbery requires another element and is the most serious of the robbery offenses. A.R.S. § 13–1904 provides:

   A. A person commits armed robbery if, in the course of committing robbery as defined in § 13–1902, such person or an accomplice:

   1. Is armed with a deadly weapon or a simulated deadly weapon; or

   2. Uses or threatens to use a deadly weapon or dangerous instrument or a simulated deadly weapon.

   Armed robbery is a class 2 felony.

2. The court's sentence of imprisonment finds defendant in violation of A.R.S. §§ 13–1901, –1902, and –1904 on the kidnapping charge. The correct citation should be to A.R.S. § 13–1301 and –1304. The failure to set out the correct statutory citations is not fundamental error. *See State v. McGann*, 132 Ariz. 296, 645 P.2d 811 (1982) (fundamental error is error that goes to the foundation of the case, or which takes from the defendant a right essential to his defense).

bery, by making a prison term mandatory, by using it as an aggravating circumstance to be weighed against mitigating factors, and by making parole unavailable until he serves two-thirds of his sentence. The supreme court disagreed:

Use of a dangerous weapon as an aggravating circumstance does not expose appellant to additional punishment beyond the enhanced sentence. It is only within the range provided for dangerous class 2 felonies that the trial judge may consider the aggravating and mitigating circumstances. Under § 13–604(G), the range of sentence required when a gun is present is not a decision within the discretion of the trial judge; however, under § 13–702(D)(2), the quality and circumstances of the act committed with the gun may be considered, such as, did the manner of using the gun put others in great fear or danger. The quality of the act, as aggravation, will never subject the defendant to punishment greater than that provided in the enhanced sentencing provisions and is not double punishment.

*Id.* at 372–73, 621 P.2d at 281–82. *See also, State v. Hall,* 169 Ariz. 513, 821 P.2d 174 (App.1990) (state entitled to allege that aggravated assault was a dangerous offense where defendant fired a gun); *State v. Garcia,* 165 Ariz. 547, 799 P.2d 888 (App. 1990) (use of automobile can support allegation of dangerousness to enhance punishment for aggravated assault); *State v. Rodriguez,* 126 Ariz. 104, 612 P.2d 1067 (App.1980) (use of a gun can support allegation of dangerousness to enhance punishment for aggravated assault).

We find *Bly* dispositive of the issue before us. We are bound by the supreme court's decision in that case and have no authority to overrule or disregard it. *State v. Eichorn,* 143 Ariz. 609, 613, 694 P.2d 1223, 1226 (App.1984). Although we may feel that the principle announced in *Bly* and *Rodriguez* should be refined to meet the concerns set forth in the dissent and in *Hall,* the resolution must be left to our supreme court. *Bade v. Arizona Dept. of Transp.,* 150 Ariz. 203, 205, 722 P.2d 371, 373 (App.1986).

Pursuant to A.R.S. § 13–4035, we have searched the record for fundamental error and have found none. The record shows that appellant was represented by competent counsel at all stages of the proceedings and is represented by counsel on this appeal. The sentencing hearing was conducted in full compliance with the Rules of Criminal Procedure and the sentence imposed falls within the range permitted by statute.

■ Upon the filing of this decision, counsel's obligations pertaining to the representation of appellant in this appeal have come to an end. Counsel need do no more than inform appellant of the status of the appeal and appellant's future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck,* 140 Ariz. 582, 684 P.2d 154 (1984). It is ordered that appellant shall have thirty days from the date of this decision to proceed, if he desires, with a motion for reconsideration or petition for review *in propria persona.*

Having found no error, the judgment of conviction and the sentence are affirmed.

GRANT, C.J., concurs.

GERBER, Judge, dissenting.

I respectfully dissent. My concern is about the trial court's repeated use of the same factor—the gun—to aggravate punishment.

The defendant here committed armed robbery and kidnapping while using a deadly weapon. Because of his weapon he was properly charged with armed robbery rather than robbery. Under A.R.S. § 13–1904, and by definition, armed robbery is an aggravated form of robbery, made so precisely by the presence of such a weapon. For that reason, armed robbery presents a sentence exposure greater than does robbery.

So far so good. The problem arises, however, when this same gun is used again to aggravate the punishment still more. Prior to trial, this same weapon, already used to aggravate robbery to armed robbery, was used again as the reason to

designate the same crime "dangerous" under § 13–604(G). Because of this designation, defendant faced a new sentence exposure greater than the sentence range for armed robbery.

As though that were not enough, at the time of sentencing, this same weapon—already used twice before for aggravation—was explicitly taken by the trial court again as a sentencing aggravating factor under § 13–702(D), exposing defendant to still greater punishment. In sum, use of this same weapon appears in three discrete instances: it is a defining element of the charged crime, rendering the offense armed robbery rather than simple robbery; it is the basis for the allegation of dangerousness; and it appears finally as a factor which the trial judge used to aggravate the final sentence. The same weapon is thus the cause for three distinct, progressive increases in punishment exposure.

In my view, our case law on this subject appears less than clear. In *State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980), our supreme court allowed the use of a deadly weapon to enhance an armed robbery sentence even though that same weapon constituted the "armed" element of the crime charged. The court rejected the double punishment argument under A.R.S. § 13–702(D), finding that use of the weapon generated no exposure to additional punishment beyond the enhanced sentence. *Id.* at 372, 621 P.2d at 281. Under A.R.S. § 13–604(G), that court found it within the legislature's discretion to enhance a sentence by use of the same weapon which defines the crime charged. *Id.*

Recently, however, in the analogous case of *State v. Orduno*, 159 Ariz. 564, 769 P.2d 1010 (1989), the same supreme court declined to view an automobile as an aggravating factor for sentence enhancement precisely because it is a defining element of a DUI offense. *Orduno* stated that *Bly* did not address use of a necessarily included element as a sentencing enhancement factor. *Id.* 159 Ariz. at 567, 769 P.2d at 1013. Read together, *Bly* and *Orduno* appear to mean that the status of being armed is *not* a defining element of armed robbery, whereas use of an automobile *is* a defining element of DUI.[3]

Recent cases have not resolved this seeming inconsistency. In *State v. Lara*, 170 Ariz. 203, 823 P.2d 70 (App.1990), the court of appeals acknowledges the confusion in *Orduno*'s statement that *Bly* did not deal with a necessarily included element of the underlying felony. *Lara* concludes that an essential and irreducible element of a crime cannot serve to aggravate the crime it defines. In *State ex rel. Romley v. Hall*, 169 Ariz. 513, 821 P.2d 174 (App.1990), our court continues to worry this issue to the point of suggesting it is best resolved by the supreme court. Perhaps to clarify the issue, our supreme court has now held that armed robbery under A.R.S. § 13–1904 requires as a defining element the actual presence of a deadly weapon, dangerous instrument, or simulated deadly weapon. *State v. Garza–Rodriguez*, 164 Ariz. 107, 791 P.2d 633 (1990). From that holding one could conclude, contrary to *Bly*, that the presence of either a deadly weapon or simulated deadly weapon as a defining element of armed robbery is not a cause for further aggravation.

In my view, the weapon used once to aggravate robbery to armed robbery cannot be taken again as a cause for any further punishment. Using a defining element of an offense to further designate a crime "dangerous" and then taking that identical element yet again to aggravate the eventual sentence constitutes double or triple punishment.

Since in my view this repeated aggravation is improper, I would remand for resentencing with instructions that the same weapon once used to define the "armed" status of armed robbery cannot be used as a cause for any further punishment beyond that available for the crime it defines.

---

**3.** A conclusion which, at a minimum, appears to mean that one can commit armed robbery without being armed and can drive under the influence in no conveyance other than an automobile.