*830 P.2d 879*

**The STATE of Arizona, Appellee,**

v.

**Steven Patrick GILLEN, aka Bill Johnson, aka John D. Bell, aka Howard Kregg, Appellant.**

**No. 2 CA–CR 90–0753.**

Court of Appeals of Arizona, Division Two, Department B.

April 2, 1992.

Grant Woods, Atty. Gen. by Paul J. McMurdie and John Pressley Todd, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Rebecca A. McLean and Ellen V. Heine, Tucson, for appellant.

## OPINION

DRUKE, Judge.

Pursuant to a plea agreement, appellant pled guilty to two counts of attempted fraudulent scheme or artifice, a class 3 felony, two counts of attempted theft by misrepresentation, a class 4 felony, one count of theft by control and/or controlling stolen property, a class 3 felony, one count of criminal trespass in the first degree, a class 6 felony, and one count of theft by misrepresentation, a class 3 felony, in exchange for the state's dismissal of allegations of prior convictions and agreement not to file additional charges. He was sentenced to aggravated, concurrent prison terms, the longest being seven years.

Appellant claims that his sentence must be reduced because the court, in balancing the various factors, weighed the same evidence twice. Counts one and two, attempted fraudulent scheme or artifice and attempted theft by misrepresentation, respectively, related to appellant's placement of property in a storage shed and his subsequent submission of a claim to Allstate Insurance Company reporting the property stolen. Counts three and four were the same charges, based on the same conduct, but with respect to Cigna Insurance Company. In imposing aggravated terms, the court noted that appellant had committed the offenses for monetary gain and the repetitive nature of the offenses. Appellant argues that, although the trial court may use the same evidence to sup-

port a finding of two aggravating circumstances, when balancing the factors the court may only weigh the evidence once, citing *State v. Marlow*, 163 Ariz. 65, 786 P.2d 395 (1989), and *State v. Tittle*, 147 Ariz. 339, 710 P.2d 449 (1985). He contends that if the court had weighed the evidence properly, the mitigating circumstances would have overcome the aggravating factors.

■ Because appellant did not object below he has waived this claim, absent fundamental error. *State v. Gendron*, 168 Ariz. 153, 812 P.2d 626 (1991). The sentence was well within the statutory range, and we see no basis for concluding that the trial court abused its sentencing discretion. *Tittle, supra*, involved the application of A.R.S. § 13–703, the death penalty/life imprisonment statute, and is inapplicable. The issue there was whether a prior out-of-state robbery conviction could serve not only as an aggravating factor under A.R.S. § 13–703(F)(1) (conviction from another state for which a sentence of life imprisonment or death is imposed), but also as an aggravating factor under § 13–703(F)(2) (prior conviction involving the use or threat of violence on another person). The court held it could and also found that the double jeopardy clause would not preclude the trial court from making such a finding on remand, but cautioned that the trial court could only weigh the circumstances once. Both *Tittle* and *Marlow, supra*, also a death penalty case, relate to the use of the same facts underlying two aggravating factors to aggravate the sentence on one count. Here, however, the aggravating factors as to each count are not based on the same evidence and thus were not impermissibly weighed twice against the mitigating factors. The same factors were simply used again in sentencing appellant on another count. This was entirely appropriate. *See State v. McCall*, 160 Ariz. 119, 770 P.2d 1165 (1989), *cert. denied*, — U.S. ——, 110 S.Ct. 3289, 111 L.Ed.2d 798 (1990) (factors cited for aggravating sentence on murder counts could also be relied on to aggravate sentence on other counts).

■ As part of appellant's first argument, he also appears to be claiming that he could not have been convicted of both attempted fraudulent scheme or artifice and theft because they involve the same conduct. Any such claim was waived by the guilty plea, *State v. Herrera*, 123 Ariz. 258, 599 P.2d 214 (1979), and the prison terms imposed were concurrent as required by A.R.S. § 13–116.

Appellant also contends that a prosecution and conviction for both attempted theft by misrepresentation and attempted fraudulent scheme or artifice resulted in a denial of his equal protection rights because, although they involve the same conduct, the penalty for one crime is greater than the penalty for the other. This argument was rejected in *State v. Darby*, 123 Ariz. 368, 599 P.2d 821 (App.1979), holding that the elements of the two crimes are different.

■ Relying on *State v. Germain*, 150 Ariz. 287, 723 P.2d 105 (App.1986), and *State v. Lara*, 823 P.2d 70 (Ct.App.1990), *supp. op.*, 76 Ariz.Adv.Rep. 56 (Ct.App. December 24, 1990), appellant contends that the trial court erred in relying on commission of the offense for monetary gain as an aggravating factor, arguing that monetary gain is inherent in the "any benefit" portion of A.R.S. § 13–2310, the fraudulent scheme and artifice statute, the "property or services" language in § 13–1802(A)(3), theft by material misrepresentation, and "property," in A.R.S. § 13–1802(A)(5), theft by control.

First, we find that *Germain* is not controlling. There, the court relied on a factor that was also an element of the offense but which the legislature had not listed as an aggravating factor. Such is not the case here. Commission of the offense for monetary gain is specifically enumerated in A.R.S. § 13–702, reflecting the legislative intent referred to in *Germain. See also State v. Bly*, 127 Ariz. 370, 621 P.2d 279 (1980), where enhancement was permitted because the aggravating factor was among those specified by the legislature, and *State v. Orduno*, 159 Ariz. 564, 769 P.2d 1010 (1989), limiting *Bly* by precluding en-

hancement when the aggravating factor, although among those legislatively specified, is "an essential and necessary element of the crime...." 159 Ariz. at 566, 769 P.2d at 102.

As to *Lara*, there appear to be conflicting views within Division One of this court as to the interplay between *Bly, supra,* and *Orduno, supra. See State v. Malone,* 171 Ariz. 321, 830 P.2d 842 (App.1991), where a different department of Division One was not persuaded by *Lara*, with the dissent taking yet another view. However, even if we were to follow *Lara* as defendant urges, aggravation of the sentence was nevertheless proper. Because "benefit," "services," and "property" may be other than for monetary gain, the latter, an aggravating factor specified by statute, is not, as *Lara* requires, an irreducible element of the relevant offenses to which defendant pled.

We have reviewed the entire record for fundamental error and, having found none, we affirm the convictions and the sentences imposed.

FERNANDEZ, P.J., and HATHAWAY, J., concur.