NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

MAX RAMIRO GARCIA, *Petitioner.*

No. 1 CA-CR 13-0083 PRPC
FILED 07-24-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2009-145409-001
The Honorable Pamela H. Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Max Ramiro Garcia, Douglas
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Randall M. Howe joined.

**K E S S L E R**, Judge:

¶1          Petitioner Max Ramiro Garcia petitions this Court to review the dismissal of his petition for post-conviction relief. The Court has considered the petition for review and, for the reasons stated, grants review and denies relief.

¶2          A jury convicted Garcia of one count of negligent homicide ("Count 1"), one count of endangerment ("Count 2"), and one count of leaving the scene of a fatal injury accident ("Count 3"). The jury found Count 1 and 2 were dangerous offenses. As to Count 3, the jury also found the State failed to prove Garcia caused the accident. The trial court sentenced Garcia to an aggregate term of nine and one-half years' imprisonment and this Court affirmed his convictions and sentences on direct appeal. *State v. Garcia*, 1 CA-CR 10-0554, 2011 WL 4575020 (Ariz. App. Oct. 4, 2011). Garcia then filed a *pro se* petition for post-conviction relief after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Garcia now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3          We review the trial court's decision on whether a defendant has presented a colorable claim for post-conviction relief on an abuse of discretion standard. *State v. Krum*, 183 Ariz. 288, 293, 903 P.2d 596, 601 (1995). We may affirm the decision of a trial court on any basis supported by the record. *State v. Robinson,* 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).

¶4          It is the appellant's duty to provide evidence in support of any legal arguments made. Ariz. R. Crim. P. 31.13(c)(1)(vi), 32.5. Further, a petition for review may not merely incorporate by reference any issue or argument, but rather must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record. *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.5, 32.9(c). A petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11, 115 P.3d 1261, 1263 (2005). Therefore, we will not consider Garcia's arguments to the extent he attempted to incorporate by reference any portion of the record into his petition for review. We address only those issues for which he sets forth specific claims supported by sufficient argument and citation to both legal authority and the record.

¶5          Garcia argues his trial and appellate counsel were ineffective. To state a colorable claim of ineffective assistance of counsel, a

defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

I.     Ineffective Trial Counsel

¶6      Garcia argues his trial counsel was ineffective when he failed to assert Garcia's right to a preliminary hearing pursuant to Arizona Rule of Criminal Procedure 5.1(a) and when he failed to take steps to have Garcia present evidence at a preliminary hearing or to the grand jury.

¶7      We deny relief on this issue. First, Garcia had no right to a preliminary hearing pursuant to Rule 5.1(a) because the State ultimately charged Garcia through an indictment, not a complaint. *See* Ariz. R. Crim. P. 5.1(a), 5.3(a). Second, Garcia does not allege he ever asked his counsel to seek the opportunity to have Garcia appear before the grand jury, although he had the right to seek such an opportunity pursuant to Rule 12.6. Even if counsel should have asked to have Garcia appear before the grand jury, Garcia does not show that any testimony he would have given would have led to the grand jury refusing to indict him.

¶8      Garcia argues that the Court should grant relief because he was unable to submit a photograph into evidence, prevented from testifying on his own behalf, and not allowed other witnesses to testify on his behalf. However, the trial court found Garcia's testimony and the other witnesses' testimony to be inadmissible. Additionally, the photograph would only be a valid claim for post-conviction relief under Rule 32.1 if it was newly discovered material evidence discovered after trial. Ariz. R. Crim. P. 32.1(e). Garcia does not describe this evidence, but since it is from the date of the arrest, we conclude it was not discovered after trial and his argument is therefore precluded.

¶9      Garcia next argues his trial counsel was ineffective when he advised Garcia not to testify at trial. A defendant must prove by a preponderance of the evidence that "(1) counsel lacked minimal competence as determined by prevailing professional norms, and (2) counsel's deficient performance prejudiced the defense." *State v. Henry*, 176 Ariz. 569, 585, 863 P.2d 861, 877 (1993). Garcia does not provide reasons or evidence of how this behavior fell below the objectively reasonable standard and does not argue that any action or inaction of

counsel prevented him from testifying. A reviewing court should give deference to tactical decisions made by counsel and should refrain from evaluating counsel's performance in hindsight. *State v. Nash*, 143 Ariz. 392, 398, 694 P.2d 222, 228 (1985) (quoting *Strickland*, 466 U.S. at 689). For these reasons, Garcia failed to state a colorable claim for relief.

## II.    Ineffective Appellate Counsel

¶10    Garcia argues his appellate counsel was ineffective when she failed to present an issue regarding jury selection pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986). However, Garcia does not provide legal arguments or factual evidence in support of this assertion.

¶11    Garcia also argues appellate counsel was ineffective when she failed to present an issue regarding the jury's determination that Count 1 and 2 were dangerous. Garcia argues the offenses could not be dangerous because the jury did not find he acted intentionally.

¶12    A dangerous offense is defined as any offense involving a deadly weapon or dangerous instrument, or "the intentional or *knowing* infliction of serious physical injury on another person." Ariz. Rev. Stat. ("A.R.S.") § 13-105(13) (Supp. 2013) (emphasis added).[1] A dangerous instrument can be anything that is used to cause death or serious physical injury. A.R.S. § 13-105(12) (Supp. 2013). When use of a car is not an element of the underlying offense, a car may be considered a dangerous instrument. *State v. Orduno*, 159 Ariz. 564, 566, 769 P.2d 1010, 1012 (1989); *State v. Howard*, 163 Ariz. 47, 50, 785 P.2d 1235, 1238 (App. 1989). Therefore, the jury could find that the offenses were dangerous even though they found Garcia did not act intentionally.

¶13    Finally, Garcia argues his appellate counsel should have presented an issue regarding the trial court's failure to define "intentional" for the jury. None of the offenses Garcia was convicted of required he act intentionally. *See* A.R.S. §§ 13-1102(A) (2010) (Count 1, negligent homicide), 13-1201 (2010) (Count 2, endangerment), 28-661(B) (Supp. 2013) (Count 3, leaving the scene of a fatal accident), 13-105(13) (defining "dangerous offense"), 13-704(A) (Supp. 2013) (listing sentences for dangerous offenders). Within this final argument, Garcia argues the verdicts are inconsistent since the jury found on Count 3 that he did not

---

[1] We cite the current version of the applicable statute when no revisions material to this decision have since occurred.

cause the accident.  However, "there is no requirement that a jury's verdicts on different counts be consistent."  *State v. Barr*, 183 Ariz. 434, 439, 904 P.2d 1258, 1263 (App. 1995).  Therefore, we deny relief on this issue.

## CONCLUSION

¶14        For the foregoing reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh